**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

| | : | |
|---|---|---|
| | : | ECF CASE |
| FRANCE TELECOM S.A., | : | |
| | : | 12-Civ-4986 (JSR) |
| Plaintiff, | : | |
| | : | Time:       September 6, 2012 at 5:00 pm |
| -v- | : | |
| | : | Before:   Hon. Jed S. Rakoff |
| MARVELL SEMICONDUCTOR, INC., | : | |
| Defendant. | : | Location:  Courtroom 14-B |
| | : | Daniel Patrick Moynihan |
| | : | United States Courthouse |
| | : | 500 Pearl Street, Room 1340 |
| | : | New York, NY 10007-1312 |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| | : | |

------------------------------------------------------------ x

**MARVELL SEMICONDUCTOR, INC.'S REPLY IN SUPPORT OF ITS**
**MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA**

**TABLE OF CONTENTS**

**Page**

I.   TRANSFER IS WARRANTED HERE...............................................................................1

    A.   This Foreign Plaintiff's Choice of Forum Should Not Be Given Deference ...........2

    B.   Plaintiff Mischaracterizes The Judicial Efficiency Of Keeping This Case In New York ...............................................................................................................5

    C.   Convenience of Both The Witnesses and The Parties Favors Transfer...................6

    D.   The Availability of Process Favors Transfer ............................................................7

    E.   The Location of Documents Favors Transfer ...........................................................8

    F.   The Locus of Operative Facts Favors Transfer.........................................................9

II.  CONCLUSION................................................................................................................10

## **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*,
    457 F. Supp. 2d 474 (S.D.N.Y. 2006) ............................................................................. 7, 9

*Bigio v. Coca-Cola Co.*,
    448 F. 3d 176 (2d. Cir. 2006) ............................................................................................. 3

*Bionx Implants, Inc. v. Biomet, Inc.*, No. 99 Civ. 740(WHP),
    1999 WL 342306 (S.D.N.Y. May 27, 1999) ................................................................. 5, 7

*Caville v. Malibu Toys, Inc.*, No. 03Civ 9727SAS,
    2004 WL 1516799 (S.D.N.Y. July 7, 2004) ................................................................. 4, 8

*Dowling v. Richardson-Merrell, Inc.*,
    727 F.2d 608 (6th Cir. 1984) ............................................................................................. 2

*ESPN, Inc. v. Quiksilver, Inc.*,
    581 F. Supp. 2d 542 (S.D.N.Y. 2008) ............................................................................... 9

*In re Apple, Inc.*,
    602 F.3d 909 (8th Cir. 2010) ............................................................................................. 2

*In re Genentech, Inc.*,
    566 F.3d 1338, 1344 (Fed. Cir. 2009) ........................................................................... 5, 7

*In re Link_A_Media Device Corp.*,
    662 F.3d 1221 (Fed. Cir. 2011) ..................................................................................... 2, 9

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) ............................................................................................. 2

*Iragorri v. United Techs. Corp.*,
    274 F.3d 65 (2d Cir. 2001) ................................................................................................ 3

*LG Elecs. Inc. v. Adv. Creative Comp. Corp.*,
    131 F. Supp. 2d 804 (E.D. Va. 2001) ............................................................................... 2

*Medien Patent Verwaltung AG v. Warner Bros. Entm't, Inc.*,
    749 F. Supp. 2d 188 (S.D.N.Y. 2010) ......................................................................... 7, 10

*Medisim Ltd. v. Bestmed LLC*, No. 10 Civ 2463(SAS),
    2010 WL 2697073 (S.D.N.Y. July 7, 2010) ..................................................................... 4

*Millenium Cryogenic Techs. Ltd. v. Weatherford Artificial Lift Sys., Inc.*,
    No. 11-cv-01971-WJM-CBS, 2012 WL 1015786 (D. Colo. Mar. 23, 2012) .................... 2

*Motorola Mobility, Inc. v. Apple Inc.*, Nos. 1:12-cv-20271-RNS, 1:10-cv-23580-RNS,
    2012 WL 3113932 (S.D. Fla. July 31, 2012) .................................................................... 2

*Multibene Ingredients Oy, Ltd. v. Sturm Foods, Inc.*,
 658 F .Supp. 2d 250 (D. Me. 2009) ..................................................................................2

*Norwood v. Kirkpatrick*,
 349 U.S. 29 (1955) ...........................................................................................................3

*Piper Aircraft Co. v. Reyno*,
 454 U.S. 235 (1981) .........................................................................................................2

*Rudich v. Metro Goldwyn Mayer Studio, Inc.*, No. 08-cv-389-bbc
 2008 WL 4691837 (W.D. Wis. Oct. 22, 2008) ................................................................2

*SercoNet, Ltd. v. Netgear, Inc.*, No. 06 Civ. 5026(JSR),
 2006 WL 2109462 (S.D.N.Y. Jul. 27, 2006) .........................................................2, 5, 6, 9

*Softmaker Software GmbH v. Third Scroll Prods. LLC*, No. 11cv01577 BTM(RBB),
 2011 WL 5837085 (S.D. Cal. Nov. 21, 2011) ..................................................................2

 *Tomita Techs. USA, LLC v. Nintendo Co.*,
 818 F. Supp. 2d 770 (S.D.N.Y. 2011) ...........................................................................4, 9

*Wechsler v. Macke Int'l Trade, Inc.*, No. 99 Civ. 5725(AGS),
 1999 WL 1261251 (S.D.N.Y. Dec. 27, 1999) ................................................................10

*Whitehaus Collection v. Barclay Prods., Ltd.*, No. 11 Civ. 217(LBS)
 2011 WL 4036097 (S.D.N.Y. Aug. 29, 2011) ................................................................10

**Statutes**

28 U.S.C. § 1404(a) ................................................................................................................3

Marvell has provided clear and convincing evidence that transfer is warranted to the Northern District of California, where Marvell is headquartered, where witnesses and documents are located and where operative facts occurred. This is not a close case.

In opposition, France Telecom fails to acknowledge the single most compelling fact in this case: there is no meaningful connection between this case and the Southern District of New York. It has notably failed to refute that: (1) neither France Telecom nor Marvell have ties to New York; (2) the patented invention was not conceived or developed in New York; (3) none of the products accused of infringement are designed, developed, made or manufactured in New York; (4) Marvell does not ship or sell the accused products into New York; (5) no witnesses are located in New York; and (6) no documents are located in New York. Its only New York connection are undifferentiated nationwide sales by a third party of Blackberry products that include the accused chips. The mere fact some sales by third parties were made in New York provides no meaningful connection for this action to this District.

Under such circumstances, where witnesses, documents and third parties are located in the Northern District of California and no witnesses, documents and third parties are located in this District, the convenience of the parties and witnesses and the interests of justice should weigh in favor of transfer. Instead, France Telecom asks this Court to give its choice of forum undue weight to trump all other considerations. And it wrongly discounts or mischaracterizes the strong connections with California identified by Marvell in its opening brief. This Court should find that the convenience of the parties and witnesses and the interests of justice favor transfer of this action to the Northern District of California.

## I.     TRANSFER IS WARRANTED HERE

In its opening brief in support of transfer, Marvell demonstrated that a number of factors clearly weigh in favor of transfer. (D.I. 20). The convenience of party and non-party witnesses,

1

the location of relevant documents, the relative ease of access to sources of proof, and the locus of operative facts all weigh heavily in favor of transfer from New York to California. And the remaining factors are neutral or should be given little weight.

      **A.**      **This Foreign Plaintiff's Choice of Forum Should Not Be Given Deference**

Despite the fact that this case has no meaningful connection with New York, France Telecom incorrectly argues that its choice of forum should trump all other considerations and be given tremendous deference. This is contrary to the law. If a plaintiff that resides outside the District, its choice in forum is given very little deference in Section 1404(a) cases. *See SercoNet, Ltd. v. Netgear, Inc.*, No. 06 Civ. 5026(JSR), 2006 WL 2109462, at *2 (S.D.N.Y. July 27, 2006).[1] (*See also* cases discussed in D.I. 20, at 12-13). Even in cases involving dismissal based on *forum non conveniens* grounds, a foreign plaintiff's choice alone is given "lesser deference." *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981). Where there is no meaningful connection, its choice is entitled to very little weight. Even if France Telecom's choice were given some deference—which it should not be—it is not enough to offset the overwhelming weight of other factors favoring transfer.

---

[1] Other Courts have held that the choice of venue for foreign plaintiffs is entitled to less deference or no deference. *See, e.g.*, *Multibene Ingredients Oy, Ltd. v. Sturm Foods, Inc.*, 658 F .Supp. 2d 250, 254 & n.4 (D. Me. 2009) (1st Cir. law); *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) (3rd Cir. law); *LG Elecs. Inc. v. Adv. Creative Comp. Corp.*, 131 F. Supp. 2d 804, 814 (E.D. Va. 2001) (4th Cir. law); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008); *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 613 (6th Cir. 1984); *Rudich v. Metro Goldwyn Mayer Studio, Inc.*, No. 08-cv-389-bbc, 2008 WL 4691837, at *4 (W.D. Wis. Oct. 22, 2008) (7th Cir. law); *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010); *Softmaker Software GmbH v. Third Scroll Prods. LLC*, No. 11cv01577 BTM(RBB), 2011 WL 5837085, at *2 (S.D. Cal. Nov. 21, 2011) (9th Cir.); *Millenium Cryogenic Techs. Ltd. v. Weatherford Artificial Lift Sys., Inc.*, No. 11-cv-01971-WJM-CBS, 2012 WL 1015786, at *2 (D. Colo. Mar. 23, 2012) (10th Cir. law); *Motorola Mobility, Inc. v. Apple Inc.*, Nos. 1:12-cv-20271-RNS, 1:10-cv-23580-RNS, 2012 WL 3113932, at *6 (S.D. Fla. July 31, 2012) (11th Cir. law).

In no case cited by France Telecom was a foreign plaintiff's choice of forum allowed to trump overwhelming evidence weighing in favor of transfer. For example, France Telecom relies on two cases where courts considered dismissal based on the doctrine of *forum non conveniens*: *Iragorri v. United Techs. Corp.*, 274 F.3d 65 (2d Cir. 2001) and *Bigio v. Coca-Cola Co.*, 448 F.3d 176 (2d. Cir. 2006). These cases are inapposite because they do not address whether another U.S. forum was more convenient than the chosen U.S. forum. Moreover, although the analysis for potential transfer under 28 U.S.C.§ 1404(a) and dismissal based on *forum non conveniens* grounds is similar, Section 1404(a) transfer is "intended to permit courts to grant transfers upon a lesser showing of inconvenience" than is needed for dismissal under the doctrine of *forum non conveniens. See Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

Further, in both cases, deference was awarded a plaintiff's choice because other factors weighed against dismissal of the action. In *Iragorri*, the Second Circuit noted (1) plaintiff "could obtain jurisdiction over all three [defendants] in Connecticut" and (2) witnesses and documents were located in Connecticut. 274 F.3d at 75. Here, there is simply no connection between this action and New York, to the point that it is questionable whether this Court even has personal jurisdiction over Marvell in this action. (D.I. 20 at 6-10). Marvell does not make, use or sell its accused chips in New York and has no other meaningful connections to New York. No witnesses or documents have been identified in New York.

In *Bigio*, the Second Circuit awarded "considerable deference" to the plaintiff's choice of a U.S.-based forum (versus an Egyptian court) in overturning dismissal because (1) the defendant was a U.S.-based company; (2) key witnesses resided in the U.S. and Canada; and, importantly, (3) the "plaintiff's efforts to seek relief from Egyptian authorities proved abortive." 448 F.3d at 178. Thus, other factors favored retaining the case and giving the plaintiff's choice

3

deference.  Here, no party is based in New York, no witnesses reside in New York, and there is no allegation that plaintiff will not be able to obtain relief in California.[2]

Many of the cases cited by France Telecom are distinguishable because they involved plaintiffs that chose their *home* forum or a forum with which it had strong connections.  In *Tomita Techs. USA LLC v. Nintendo Co.*, 818 F. Supp. 2d 770 (S.D.N.Y. 2011), the plaintiff was incorporated in New York and had a New York-based business partner charged with overseeing the litigation.  *Id*. at 773.  In *Medisim Ltd. v. Bestmed LLC*, No. 10 Civ 2463(SAS), 2010 WL 2697073 (S.D.N.Y. July 7, 2010), the plaintiff "regularly conduct[ed] business in New York."  *Id.* at *2.  In *Caville v. Malibu Toys, Inc.*, No. 03Civ 9727SAS, 2004 WL 1516799 (S.D.N.Y. July 7, 2004), the plaintiff frequently travelled to New York for business, his distributor was located in New York, and the majority of the plaintiff's witnesses were within the Court's subpoena power.  *Id.* at *2.  Here, New York is not France Telecom's home forum and there is no alleged special connection between it and plaintiff.

Finally, New York was clearly chosen by France Telecom for tactical advantage rather than legitimate reasons.  *See Tomita Techs.*, 818 F. Supp. 2d at 772 (quoting *Iragorri*, 274 F.3d at 73 and noting benefits from "inconvenience and expense to the defendant" as a tactical advantage).  France Telecom chose New York, where jurisdiction over Marvell is dubious, knowing that it would be very inconvenient for Marvell and its employee witnesses.  (D.I. 20 at 3, 8; Section I.C, *infra*).  There is no meaningful connection to New York for Marvell.

Further, there is no meaningful connection to New York for France Telecom, and no legitimate justification for France Telecom's choice of forum exists.[3]  Its stated reasons—that

---

[2] This is especially true here, where the patent is due to expire within weeks and plaintiff delayed filing suit against Marvell for years.  Plaintiff will be able to obtain the same remedies in California as it would here in New York.  And any alleged delay from transfer to California will not prejudice any rights to remedy in California.

4

New York is a transportation hub and that it is closer to France than California—do not justify its choice.  San Francisco is also a major transportation hub, to which Air France flies non-stop from Paris.  And the difference in distance does not change the fact that a long international flight is involved to reach either fora.  *See Bionx Implants, Inc. v. Biomet, Inc.*, No. 99 Civ. 740(WHP), 1999 WL 342306, at *3 (S.D.N.Y. May 27, 1999) (noting witnesses traveling from Finland were no more inconvenienced by having to travel to Indiana instead of New York); *accord In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009) (noting "witnesses from Europe will be required to travel a significant distance no matter where they testify" in granting writ of mandamus ordering transfer from Texas to California).

The cost of local counsel in California also is not a legitimate reason for France Telecom's choice.  Allowing a party to proceed in a forum based on its choice of trial counsel and an aversion to hiring local counsel invites forum shopping.  In any event, this Court has recognized that the costs of retaining local counsel are minimal and that primary counsel may be admitted *pro hac vice* in the Northern District of California, thus protecting plaintiff's choice of primary counsel.  *SercoNet*, 2006 WL 2109462, at *2 n.2.

### B. Plaintiff Mischaracterizes The Judicial Efficiency Of Keeping This Case In New York

Plaintiff mischaracterizes the differences between the Northern District of California and this Court in an attempt to swing the balance of judicial efficiency and the interests of justice against transfer.  Plaintiff erroneously compares the schedule set in this particular case to the average time to trial in that Court.  (D.I. 25 at 7-8).  As explained in *SercoNet*:

> Plaintiff argues that it will take considerably longer to litigate this action in the Northern District of California, but average caseload statistics for the two forums

---

[3] That France Telecom may have sought relief in the French courts does not absolve its choice of U.S.-based forum here.

> reveal that the average litigation time in the Southern District of New York is only slightly less than in the Northern District of California. It is true that this particular judge usually places cases like this on a track that will bring them to trial in 6 months or so, but variations in individual judges' practices doubtless exist in the Northern District of California as well.

*SercoNet*, 2006 WL 2109462, at *2 n.3. Here, the time from filing to trial in this Court is only "slightly less than" for the Northern District of California. (D.I. 25 at 7, 8 (30.6 months in S.D.N.Y. vs. 34.3 months in N.D. Cal.)). And there is no reason to believe that either court will not act expeditiously to resolve this dispute.

Finally, France Telecom's criticism of the Local Patent Rules in the Northern District of California are baseless. That Court uses its local rules to help identify and streamline the parties allegations and defenses in a timely manner. In any event, the end result is that both courts resolve cases in approximately the same time.

        **C.    Convenience of Both The Witnesses and The Parties Favors Transfer**

Marvell has clearly shown that the Northern District of California is more convenient for the witnesses and the parties. (D.I. 20 at 8-9, 12). Neither party has identified any witness located in New York, and neither party is located in New York.

France Telecom makes the specious argument that Marvell did not sufficiently specify witnesses or describe their testimony. (D.I. 25 at 11-12). This is demonstrably false. The Declaration of John Santos and Marvell's opening brief specifically named seven (7) California-based witnesses that can testify with respect to "the design, structure and operation of the accused products" (D.I. 20 at 8; D.I. 22, ¶ 15) and six (6) California-based witnesses that have knowledge relating to "sales and marketing of the accused products." (D.I. 20 at 8; D.I. 22, ¶ 16). Marvell specifically identified California-based third-parties TSMC (a manufacturer of accused products) and Intel (the developer of the accused product line and a manufacturer of

6

accused products) and the relevance of their potential testimony.[4]  (D.I. 20 at 8, 11; D.I. 22, ¶¶ 10, 18, 19; *see also* Section I.D, *infra*).  The cases cited by France Telecom (D.I. 25 at 11) demand no more.  *See Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474, 478 (S.D.N.Y. 2006) (defendant failed to name any witness); *Medien Patent Verwaltung AG v. Warner Bros. Entm't, Inc*., 749 F. Supp. 2d 188, 191 (S.D.N.Y. 2010) (same); *see also In re Genentech*, 566 F.3d at 1343 (noting it was error to require identification of "key witnesses" and specific testimony by affidavit).

With respect to the convenience of the parties, transfer does not shift the inconvenience of travel to France Telecom.  (D.I. 25 at 14).  France Telecom has to travel internationally in any event, and apparently has facilities in San Francisco.  (D.I. 12; D.I. 21-1 at 50).[5]  *See, e.g.*, *Bionx*, 1999 WL 342306, at *3 (stating that witness traveling from Finland was no more inconvenienced by having to travel to Indiana than to New York).

### D. The Availability of Process Favors Transfer

Marvell specifically identified both Intel and TMSC as third-party witnesses that would be within the subpoena of the Northern District of California, but outside the power of this jurisdiction.  (D.I. 20 at 11).  France Telecom's contention otherwise (D.I. 25 at 2, 12-14) is baseless.  As Marvell first explained in its Answer, certain accused products were made, publicly sold and/or offered for sale in the U.S. by Intel at least as early as 2006 before the product line was acquired by Marvell.  (D.I. 14, ¶ 27; D.I. 23, ¶¶ 27-28, 56).  France Telecom, however,

---

[4] Marvell's initial disclosures also identify these potential party and non-party witnesses and set forth the subject matter of their potential testimony.  (*See* Second Declaration of Krista M. Rycroft In Support of Defendant's Motion to Transfer Venue Under 28 U.S.C. § 1404(a) ("Rycroft II Decl."), Ex. A at 6-8, submitted herewith).

[5] France Telecom's argument that Marvell has somehow conceded that New York is convenient because it noticed a 30(b)(6) deposition of France Telecom in New York is nonsense.  (D.I. 25 at 12).  This case is currently pending in New York, and Marvell recognized that France Telecom would have no basis for objecting to the location.

apparently never accused Intel of infringement.  (D.I. 14. ¶ 28; D.I. 23, ¶ 29).  Thus, Marvell is asserting a laches defense, as well as the defenses of waiver, acquiescence, implied license, and estoppel.  Document requests served by Marvell before France Telecom filed its opposition here also make plain that Marvell believes that Intel has information and witnesses relevant to its defenses.  (D.I. 26-2, LoBue Decl. Ex. B at 2 & Request for Production Nos. 54-57).

Furthermore, France Telecom also apparently believes that witnesses at Intel and TMSC are relevant and has asked Marvell for the "the name(s) and address(es) of any manufacturer(s) of the device, and Marvell's primary contact at such manufacturer(s)."  (Rycroft II Decl. Ex. B at 3).  TSMC and Intel both have manufactured the accused devices.  (D.I. 20 at 4, 7, 11).  Marvell expects to identify specific individuals as discovery progresses.[6]  Accordingly, this factor weighs in favor of transfer.

### E.     The Location of Documents Favors Transfer

Marvell has clearly explained that all relevant documents—whether technical, sales, or marketing documents—are accessible from servers in California, not servers in New York.  (D.I. 20 at 10; D.I. 22, ¶ 20).  Thus, this factor clearly favors transfer.

France Telecom's assertion that "Marvell offers nothing to show that its own documents relevant to the case are located in California" (D.I. 25 at 10) blatantly ignores the facts.  *First*, Marvell submitted a declaration stating that relevant documents are either physically in California or accessible in California.  (D.I. 22, ¶ 20).  *Second*, Marvell was over-inclusive in determining where documents may be located because France Telecom has not identified which claims it will assert, what products allegedly infringe or how those products supposedly infringe.

---

[6] France Telecom's case (D.I. 25 at 14) mentions that the parties provided declarations from unwilling witnesses, but it does not state that such declarations are required.  *Caville v. Malibu Toys, Inc.*, No. 03 Civ 9727SAS, 2004 WL 1516799, *4 (S.D.N.Y. July 7, 2004).

Having failed to provide even the most basic information about its case, France Telecom now attempts to benefit from this tactic by arguing—without citing to any authority—that this factor must be neutral because Marvell allegedly did not identify specific documents, provide facts that it plans to prove, or provide trial proofs.[7]  (D.I. 25 at 9).  France Telecom has put the proverbial cart before the horse.  Marvell need not prove its case and identify specific documents in California to support transfer, especially given that the Northern District of California is where activities related to development and sales and marketing took place and especially given that no documents have been alleged to be present in New York.

The authority plaintiff cites is inapposite because this factor was deemed neutral based on the fact that documents were already gathered in one location.  *See ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 549 (S.D.N.Y. 2008) (documents in California); *Am. Eagle Outfitters*, 457 F. Supp. 2d at 478 (documents in California); *Tomita Techs*., 818 F. Supp. 2d at 772, 774 (documents in Japan).  Here, Marvell's relevant documents are not gathered in one location.  Rather they can be accessed, collected, and reviewed from one centralized location, which is California.  This factor clearly weighs in favor of transfer.  *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) (error to ignore document location because of "advances in technology").

### F.  The Locus of Operative Facts Favors Transfer

The locus of operative facts lies in California, not New York.  (D.I. 20 at 6-8).  That some development of the accused products may have been elsewhere, does not change that conclusion.  *See SercoNet*, 2006 WL 2109462, * 1 (S.D.N.Y. July 27, 2006) (locus was California although product also managed from Taiwan).

---

[7] On August 15, as agreed on by the parties, Marvell identified in its initial disclosures categories of documents that it believes relevant.  (Rycroft II Decl., Ex. A at 9-10).

9

The facts here are distinguishable from *Medien Patent Verwaltung AG v. Warner Bros. Entm't, Inc*., 749 F. Supp. 2d 188 (S.D.N.Y. 2010).  While the *Medien* Court held that California was not the exclusive locus of operative facts, it denied transfer because the moving defendant also failed to identify any party witnesses that would be inconvenienced, did not identify any California-based third-party witnesses, and the co-defendant did not object to remaining in New York.  *Id.* at 191 & 190 n.1.

In stark contrast, here, the evidence clearly shows that California is the appropriate locus: Marvell is located in California, specifically-identified party and third-party witnesses are located in California, documents are located in California and accessible from California, and France Telecom "does not allege that any of the Accused Product's design and marketing originates from this District."  *Whitehaus Collection v. Barclay Prods., Ltd.*, No. 11 Civ. 217(LBS), 2011 WL 4036097, *2 (S.D.N.Y. Aug. 29, 2011) (transferring case from New York); *see also Wechsler v. Macke Int'l Trade, Inc.*, No. 99 Civ. 5725(AGS), 1999 WL 1261251, *4-*5 (S.D.N.Y. Dec. 27, 1999) (transferring case from New York).

## II.     CONCLUSION

Transfer to the Northern District of California is clearly warranted.  For all the foregoing reasons, and the reasons set forth in Marvell's opening brief, Marvell respectfully requests that the Court grant Marvell's motion to transfer venue to the Northern District of California.

Dated: August 20, 2012 QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:   */s/ Raymond Nimrod*
    Edward J. DeFranco (ED6524)
    Raymond Nimrod (*pro hac vice*)
    Eric Huang (EH9072)
    Krista M. Rycroft (KR9343)
    51 Madison Avenue, 22nd Floor
    New York, New York 10010
    Tel.: 212-849-7000
    Fax: 212-849-7100
    eddefranco@quinnemanuel.com
    raynimrod@quinnemanuel.com
    erichuang@quinnemanuel.com
    kristarycroft@quinnemanuel.com

    Attorneys for Defendant
    *Marvell Semiconductor, Inc.*

OF COUNSEL

    Kevin P.B. Johnson (KJ8689)
    QUINN EMANUEL URQUHART & SULLIVAN, LLP
    555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, CA 94065
    Tel.: 650-801-5000
    Fax: 650-801-5100
    kevinjohnson@quinnemanuel.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2012, I caused the foregoing Marvell Semiconductor, Inc.'s Reply In Support Of Its Motion to Transfer to the Northern District of California and the Second Declaration of Krista M. Rycroft and exhibits thereto, to be served upon the following in the manner indicated:

| | |
|---|---|
| James W. Dabney<br>Henry C. Lebowitz<br>FRIED FRANK HARRIS SHRIVER<br>    & JACOBS LLP<br>One New York Plaza<br>New York, NY 10004<br>Telephone: (212) 859-8000<br>Facsimile: (212) 859-4000<br>james.dabney@friedfrank.com<br>henry.lebowitz@friedfrank.com | *VIA ELECTRONIC MAIL* |
| Elliot E. Polebaum<br>Joseph J. Lobue<br>FRIED FRANK HARRIS SHRIVER<br>    & JACOBS LLP<br>801 17th Street, N.W.<br>Washington, D.C. 20006<br>Telephone: (202) 639-7000<br>Facsimile: (202) 6369-7003<br>elliot.polebaum@friedfrank.com<br>joseph.lobue@friedfrank.com | *VIA ELECTRONIC MAIL* |

                                                         */s/ Sung Hoon Kim*
                                                          Sung Hoon Kim