**VIA ECF**

Magistrate Judge Nathanael Cousins
U.S. District Court for the Northern District of California
450 Golden Gate Avenue, 15th Floor
San Francisco, CA 94102

Re:    *France Telecom S.A. v. Marvell Semiconductor, Inc.*, CV-12-04967 (WHA)(NC)

Dear Magistrate Judge Cousins:

Plaintiff France Telecom S.A. ("France Telecom") and Defendant Marvell Semiconductor, Inc. ("Marvell") (collectively, "the Parties") respectfully request that the Court resolve two remaining disputes with respect to the entry of a final Protective Order in this case.[1]

The Parties have agreed to the majority of provisions for a final Protective Order appropriate for this action based on the Court's model Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets ("Model Protective Order") with certain agreed-to revisions. The parties have engaged in a telephonic meet and confer[2] and exchanged correspondence in good faith to resolve their discovery disputes without Court action. However, two issues remain in dispute as briefed by the parties below.

The remaining disputes are: (1) whether to require a written notice and objection process for experts who will be given access to highly confidential material and (2) whether to require a prosecution bar to Designated House Counsel and Experts who access highly confidential material in this case. The parties jointly request that the Court resolve these disputes.

**I. Outside Expert Notice and Objection Provisions**

Unresolved Issue: The Parties disagree whether prior notice should be required for outside experts to have access to Highly Confidential information under the final Protective Order.

Summary of France Telecom's Position: France Telecom objects to this provision, which would require a party to disclose the identity of, and detailed information regarding, its outside expert before giving the expert access to documents marked as "Highly Confidential." The party producing the purported "Highly Confidential" material then has the opportunity to object to such access. This provision is not necessary or appropriate in this case, will impose undue costs and burdens on the parties, and is likely to lead to unnecessary ancillary litigation.

---

[1] The parties will also file with the Court a Patent Local Rule 2-2 Interim Model Protective Order ("Interim Protective Order"). The parties jointly request that the Court enter the Interim Protective Order while this joint motion is pending.

[2] France Telecom's counsel Joseph LoBue, located in Washington, D.C., and Marvell counsel Krista Rycroft, located in New York, met and conferred by telephone on March 15, 2013.

1

France Telecom has agreed to include in the Protective Order the special protections that Marvell requested for source code. The other technical documents that Marvell will produce in this case will not be of a highly sensitive nature. This is not a complicated infringement case. Marvell represents on its website that the Marvell chips accused of infringement comply with the 3G wireless telecommunications standards. These standards specify the use of the error-correction coding method that is claimed by the Patent-in-Suit, as shown in the side-by-side diagrams below taken from the Patent-in-Suit and the published 3GPP Standard:



        '747 Patent, Figure 1          3GPP Standard, Figure 4

A party may establish infringement through standards compliance. *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327 (Fed. Cir. 2010); *Dynacore Holdings Corp. v. U.S. Phillips Corp.*, 363 F.3d 1263, 1272, 1275-76 (Fed. Cir. 2004). Many of the documents that Marvell will produce in this case will consist of relatively high-level interface specifications that mirror the published standards. Marvell's interface specifications must mirror the published 3G standards because Marvell acknowledges that its accused devices comply with the 3G standards. Accordingly, France Telecom believes that these documents produced by Marvell will not be highly sensitive and do not require the highly-restrictive protective order provisions that might otherwise be appropriate in patent litigation. France Telecom is concerned, however, that Marvell will take a different view, and mark all of such documents "highly confidential."

The Outside Expert Notice and Objection provision will be unduly burdensome, disruptive and costly to administer, and is likely to give rise to ancillary litigation regarding the proper classification of documents. Source code is relatively easy to categorize and differentiate from other technical documents. France Telecom has agreed to specific provisions governing source code. However, determining what properly constitutes a "Confidential" technical document or a "Highly Confidential – Attorneys' Eyes Only" document is not as clear cut, and as noted above, France Telecom is concerned that Marvell will take an expansive view of what documents should be designated as "highly confidential." Under Marvell's proposed Protective Order, documents marked "Highly Confidential – Attorneys' Eyes Only" would be subject to the expert notice and objection provision and the parties may be forced to litigate document classification issues solely to allow an outside expert access to a document. Such ancillary litigation could be avoided if this provision was not included in the Protective Order.

There are numerous other safeguards contained in France Telecom's proposed Protective Order that protect Marvell's sensitive materials. As noted above, France Telecom has agreed to special source code restrictions to protect Marvell's most sensitive technical documents. Materials marked as "Highly Confidential – Attorneys Eyes Only" cannot be disclosed to in house France Telecom technical personnel but only to outside experts. Moreover, each outside expert who is given access to such materials must execute the prescribed non-disclosure agreement restricting further disclosure and use of the protected material. These protections are more than sufficient to safeguard Marvell's sensitive materials.

Summary of Marvell's Position: Marvell believes a provision requiring prior notice of the identity of an outside expert who will be provided information that has been designated Highly Confidential (whether source code or non-source code) is necessary to adequately protect such information. Marvell's proposal is nearly identical to the provision in this Court's Interim Protective Order (¶¶ 7.3(c) & 7.4(a)(2), (b) and (c)) and Model Protective Order (¶¶ 7.3(c) & 7.4(a)(2), (b) and (c)) (collectively, "the Court's model orders"). France Telecom does not appear to dispute that Marvell's proposed provision is reasonable. Rather, France Telecom appears to argue that the provision is unnecessary and that it will lead to abuse by the parties.

Here, Marvell's proposed expert notice provision is necessary to protect against the risk of disclosure of Highly Confidential information through outside experts. *See Symantec Corp. v. Acronis Corp.*, No. 11-5310 EMC (JSC), 2012 U.S. Dist. LEXIS 117350, at *9 (N.D. Cal. Aug. 20, 2012) (denying expert's access to highly confidential information due to the substantial risk). For example, France Telecom may hire as an expert an active consultant or employee for a competitor of Marvell. Without the notice provision, a producing party could not object until well after Highly Confidential information was disclosed to the expert, with no opportunity to mitigate the substantial risk of misuse (inadvertent or otherwise). The notice provision proposed by Marvell safeguards against this risk.

In arguing that a provision is unnecessary, France Telecom incorrectly assumes that no Highly Confidential documents other than source code will be at issue in discovery. There is no basis for assuming these facts. To the contrary, given France Telecom's document requests to date, Marvell believes it will likely produce Highly Confidential documents, including source code, and non-source code financial information. In fact, France Telecom's technical discussion of the patent incorrectly ignores the fact that non-infringement positions may hinge on Highly Confidential information. Third parties may also produce documents that fall under the Highly Confidential designation. France Telecom has already subpoenaed two non-parties and it is likely that other non-party discovery, such as from the prior owner of the patent, will be sought.

France Telecom also improperly assumes that the parties are likely to engage in bad faith – either in designating documents Highly Confidential or in objecting to outside experts. First and foremost, it is inappropriate to assume that the parties will engage in bad faith. Under France Telecom's rationale, where no basis exists for its assumption, no provision of this type would ever be accepted. As indicated above, such provisions are used in the Court's model orders. Further, the proposed order already allows challenges to improper designations. (*See* Model Protective Order, ¶¶ 2.2, 2.8, 5-6).

Marvell's provision is reasonable. Similar provisions are commonly found in the protective orders governing patent cases. *Barnes & Noble, Inc. v. LSI Corp.*, No. C 11-02709 EMC (LB), 2012 U.S. Dist. LEXIS 23103, at *6 (N.D. Cal. Feb. 23, 2012); *Kelora Sys., LLC v. Target Corp.*, No. C-11-01548 CW (LB), 2011 U.S. Dist. LEXIS 96724, at *7 (N.D. Cal. Aug. 29, 2011). Marvell's proposed provision is nearly identical to the analogous provision in the Court's model orders. Marvell's proposal differs from the Court's model in only two respects: (1) it includes a shorter notice period – five business days – the same waiting period that France Telecom agreed should apply to Designated House Counsel; and (2) it does not require identification of each general category of information that will be disclosed to the outside expert, but rather only whether the outside expert will view Highly Confidential Source Code. Prior notice with a short period for objections is a reasonable safeguard to prevent the risk of inadvertent disclosure of highly sensitive material through an outside expert. *Symantec Corp.*, 2012 U.S. Dist. LEXIS 117350, at *9. Accordingly, because Marvell's provision is both necessary and reasonable, a final Protective Order that includes Marvell's proposed expert notice provision should be granted.

## II.     Prosecution Bar

Unresolved Issue: The Parties disagree whether a prosecution bar should be included in the final Protective Order.

Summary of France Telecom's Position: France Telecom also objects to the inclusion of a Prosecution Bar in the protective order. For the reasons set forth above, the Prosecution Bar also is not necessary or appropriate given the specific nature of the case and the safeguards that are included in France Telecom's proposed Protective Order. In addition to the burdens set forth above relating to the Outside Expert Notice and Objection provision, the Prosecution Bar imposes substantial restrictions on the activities of in-house France Telecom counsel, whose participation in this case will be necessary. The Prosecution Bar would apply to any in-house counsel or expert provided access to documents marked "Highly Confidential – Attorneys' Eyes Only." Thus, again, the parties may be forced to litigate the document classification issue solely to permit in-house counsel or an expert access to a document without thereby subjecting them to the restrictive bar. Such ancillary litigation could be avoided if the Prosecution Bar was not included in the Protective Order.

France Telecom is not a chip manufacturer and therefore is not a competitor of Marvell's. As a result, the risk of competitive harm that typically may be associated with document disclosure issues in patent infringement litigation is not present here. France Telecom also notes that the Prosecution Bar is not part of the Court's model Protective Order for patent cases but rather is expressly designated as "optional." Marvell has failed to provide any justification showing that this patent case requires special treatment and inclusion of the optional Prosecution Bar given that the parties in question are not market competitors. On the contrary, prior to the transfer of this action from the United States District Court for the Southern District of New York, Marvell had already agreed to eliminate the Prosecution Bar provision from the Protective Order as a result of the parties' discussions. Marvell insisted on the provision's inclusion only after the case was transferred to this Court. The Prosecution Bar is not necessary in this case.

<u>Summary of Marvell's Position</u>: Marvell believes a prosecution bar is necessary covering Designated House Counsel and Experts who receive access to material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." The provision proposed by Marvell is nearly identical to (but less burdensome than) this Court's model orders (paragraph 8).

A prosecution bar is necessary because, at a minimum, France Telecom has requested the production of Highly Confidential technical documents and source code. A bar protects against the real risk of patent claims in the same subject area being prosecuted based on the highly confidential information obtained during litigation. *See Pragmatus AV, LLC v. Facebook, Inc.*, No. 5:11-CV-2168 EJD, 2012 U.S. Dist. LEXIS 14824, at *13 (N.D. Cal. Feb. 6, 2012). Courts have recognized "the limits of human beings to completely compartmentalize the multiple sources from which they obtain information." *Cheah IP LLC v. Plaxo, Inc*., No. C-08-4872 PJH (EMC), 2009 U.S. Dist. LEXIS 40823, at *7-*8 (N.D. Cal. May 4, 2009); *see also In re Deutsche Bank Trust Co*., 605 F.3d 1373, 1381 (Fed. Cir. 2010). Thus, this Court routinely includes prosecution bars in patent cases and includes a bar in its model orders that is presumptively reasonable. *See Barnes & Noble*, 2012 U.S. Dist. LEXIS 23103, at *6; *Kelora Sys*., 2011 U.S. Dist. LEXIS 96724, at *7. Here, regardless of whether France Telecom is a direct competitor, France Telecom routinely prosecutes patent applications in the United States, many of which are in the field of cellular processor technology.[3] The risk exists with potential experts that may work or consult for competitors as well.

Indeed, the relevant factors show that Marvell's bar is reasonable. *See Deutsche Bank*, 605 F.3d at 1381 (listing factors); *Applied Signal Tech., Inc. v. Emerging Mkts. Commc'ns, Inc.*, No. C-09-02180 SBA (DMR), 2011 WL 197811, at *2 (N.D. Cal. Jan. 20, 2011) (same). ***First***, the prosecution bar is triggered only by access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information. ***Second***, the scope of the prohibited activities is identical to the Court's Interim Protective Order. ***Third***, the duration of Marvell's proposed prosecution bar is less than that in the Interim Protective Order – only one year after the final termination of this action, rather than two years. ***Finally***, Marvell's proposal is limited to prosecution relating to "cellular processor technology," which accurately reflects the field in which "the patented technology reasonably could be used." *Applied Signal*, 2011 WL 197811, at *3.

Finally, France Telecom should not be permitted to use Marvell's previous efforts of compromise as a reason for preventing inclusion of such an important and reasonable provision here. Importantly, Marvell only provisionally agreed to an order without a prosecution bar to facilitate moving discovery in the Southern District of New York, where the parties were required to be trial-ready within five (5) months. In any event, no protective order was ever formally entered in this case prior to transfer to this Court. In short, the proposed prosecution bar is reasonable and should be included in a final Protective Order that includes this provision.

---

[3] The USPTO Assignments database reveals that France Telecom has 859 published U.S. patent applications that have not issued as patents. *See* USPTO Assignments on the Web, http://assignments.uspto.gov/assignments/q?db=pat&asne=FRANCE%20TELECOM&page=1 (last visited Mar. 21, 2013) (pages 1-34, 74-77 of the results).

DATED: March 27, 2013     /s/ Joseph J. LoBue
Jeffrey M. Fisher (State Bar No. 155284)
jfisher@fbm.com
Alex Reese (State Bar No. 280530)
areese@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Tel.: (415) 954-4400
Fax.: (415) 954-4480

Joseph J. LoBue (admitted *pro hac vice*)
joseph.lobue@friedfrank.com
Elliot E. Polebaum (admitted *pro hac vice*)
elliot.polebaum@friedfrank.com
FRIED, FRANK, HARRIS, SHRIVER &
JACOBSEN, LLP
801 17th Street, N.W.
Washington D.C. 20006
Tel.: (202) 639-7000
Fax.: (202) 639-7003

Attorneys for Plaintiff
FRANCE TELECOM S.A.

DATED: March 27, 2013     /s/ Eric Huang
Kevin P.B. Johnson (State Bar No. 177129)
kevinjohnson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 Twin Dolphin Drive, 5th floor
Redwood Shores, CA 94065
Tel.: (650) 801-5000
Fax.: (650) 801-5100

Raymond N. Nimrod (admitted *pro hac vice*)
raynimrod@quinnemanuel.com
Eric Huang (admitted *pro hac vice*)
erichuang@quinnemanuel.com
Krista M. Rycroft (admitted *pro hac vice*)
kristarycroft@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel.: (212) 849-7000
Fax.: (212) 849-7100
QUINN EMANUEL URQUHART
& SULLIVAN, LLP

Attorneys for Defendant
MARVELL SEMICONDUCTOR INC.

**ATTESTATION CLAUSE**

I, Eric Huang, am the ECF User whose ID and password are being used to file this JOINT DISCOVERY LETTER BRIEF. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Joseph J. LoBue, attorney at Fried, Frank, Harris, Shriver & Jacobsen, LLP, concurred in this filing.

Dated: March 27, 2013                           QUINN EMANUEL URQUHART
                    & SULLIVAN, LLP

                    By:  */s/ Eric Huang*
                        Eric Huang