UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCE TELECOM S.A.,<br><br>        Plaintiff,<br><br>   vs.<br><br>MARVELL SEMICONDUCTOR, INC.,<br><br>       Defendant. | CASE NO. 12-CV-04967 (WHO)<br><br>**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS** |

The United States District Court for the Northern District of California presents its compliments to the Central Authority for the Republic of France, the Ministère de la Justice Internationale, and requests international judicial assistance to obtain evidence to be used in the above-captioned civil action proceeding before this Court. This Court has determined that it would further the interests of justice if documents and evidence in the possession, custody, or control of TDF SAS ("TDF") (formerly known as Télédiffusion de France S.A.) relevant to the issues in this case be examined. This Court has also determined that it would further the interests of justice if Dr. Claude Berrou appears for a deposition to testify about issues relevant to this case.

This request is made pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), as adopted and implemented in the United States of America at 28 U.S.C. § 1781. The United States District Court for the Northern District of California, San Francisco Division, is a competent court of law and equity which properly has jurisdiction over this proceeding, and has the power to compel the attendance of witnesses and production of documents both within and outside its jurisdiction. TDF has or is likely to have possession of the documents specified in Schedule A and knowledge of the subject matters specified in Schedule B herein. Dr. Berrou has or is likely to have

1   possession of the documents specified in Schedule C and knowledge of the subject matters

2   specified in Schedule D herein.

3       The testimony and production of documents by TDF and the testimony of Dr. Berrou are

4   intended for use at trial, and in the view of this Court, will be relevant to numerous claims and

5   defenses in the case, including Plaintiff France Telecom S.A.'s ("Plaintiff" or "France Telecom")

6   claims of infringement of the '747 patent.  The evidence sought in this Letter of Request goes to

7   the heart of significant issues of fact and law that will influence the final determination of claims

8   brought by the Plaintiff.

9       This request is made with the understanding that it will in no way require any person to

10  commit any offense, or to undergo a broader form of inquiry than he or she would if the litigation

11  were conducted in France.

12

13      **1.      SENDER**

14          Honorable Nathanael M. Cousins
            United States Magistrate Judge
15          United States District Court for the Northern District of California
            450 Golden Gate Avenue, 15th Floor
16          San Francisco, California 94102
            United States of America
17

18      **2.      CENTRAL AUTHORITY OF THE REQUESTED STATE**

19
            Ministère de la Justice,
20          Direction des Affaires Civiles et du Sceau,
            Bureau de l'Entraide Civile et Commerciale Internationale (D3)
21          13, Place Vendôme,
            75042 Paris Cedex 01
22          France

23      **3.      PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED**

24
            Eric Huang
25          QUINN EMANUEL URQUHART & SULLIVAN, LLP
            51 Madison Avenue, 22nd Floor
26          New York, New York 10010
            United States of America
27

28

**4.     SPECIFICATION OF DATE BY WHICH THE REQUESTING AUTHORITY REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST**

A response is requested as soon as possible, in order to ensure that the evidence may be obtained before the deadline for discovery in this case, currently set for January 31, 2014.

**5.     IN CONFORMITY WITH ARTICLE 3 OF THE HAGUE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

**a.     Requesting Judicial Authority (Article 3(a))**

Honorable Nathanael M. Cousins
United States Magistrate Judge
United States District Court for the Northern District of California
450 Golden Gate Avenue, 15th Floor
San Francisco, California 94102
United States of America

**b.     To the Competent Authority of the Republic of France (Article 3(b))**

Ministère de la Justice,
Direction des Affaires Civiles et du Sceau,
Bureau de l'Entraide Civile et Commerciale Internationale (D3)
13, Place Vendôme,
75042 Paris Cedex 01
France

**c.     Name of the Case and Identifying Number**

*France Telecom S.A. v. Marvell Semiconductor, Inc.*, Case No. 12-CV-04967 (WHO), United States District Court for the Northern District of California.

**6.     NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES OF THE CASE (ARTICLE 3(B))**

**a.     Plaintiff:**

France Telecom S.A.
38-40 rue du Général Leclerc
92794 Issy-Les-Moulineaux
France

1   *Represented By:*

2   FRIED, FRANK, HARRIS, SHRIVER & JACOBSEN, LLP
    Elliot E. Polebaum
3   Joseph J. LoBue
    801 17th Street, N.W.
4   Washington, D.C. 20006
5   (202) 639-7000

6   FRIED, FRANK, HARRIS, SHRIVER & JACOBSEN, LLP
    James W. Dabney
7   Henry C. Lebowitz
    One New York Plaza
8   New York, NY 10004
9   (212) 859-8000

10  FARELLA BRAUN + MARTEL LLP
    Jeffrey M. Fisher
11  235 Montgomery Street, 17th Floor
    San Francisco, CA 94104
12  (415) 954-4400

13

14      **b.      Defendant:**

15  Marvell Semiconductor, Inc.
    5488 Marvell Lane
16  Santa Clara, CA 95054

17
    QUINN EMANUEL URQUHART & SULLIVAN, LLP
18  Kevin P.B. Johnson
    555 Twin Dolphin Drive, 5th Floor
19  Redwood Shores, CA 94065
20  (650) 801-5000

21  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Raymond N. Nimrod
22  Eric Huang
    Krista M. Rycroft
23  51 Madison Avenue, 22nd floor
    New York, NY 10010
24  (212) 849-7000

25

26

27

28

### 7.   NATURE AND PURPOSE OF THE PROCEEDINGS AND SUMMARY OF THE FACTS (ARTICLE 3(c))

#### a.   Nature and Purpose of the Claims

The above-captioned case is a civil proceeding in the United States District Court for the Northern District of California brought by Plaintiff France Telecom S.A. ("France Telecom") against Defendant Marvell Semiconductor, Inc. ("Marvell") alleging infringement of U.S. Patent No. 5,446,747 ("the '747 patent").

#### b.   Plaintiff's Allegations

France Telecom alleges that the '747 patent discloses and claims methods for error correction coding of source digital data elements comprising constructed data elements that are known as "turbo codes." France Telecom accuses certain Marvell chips used in cellular smartphones of infringing the '747 patent.

The '747 patent issued on August 29, 1995 and lists France Telecom and Telediffusion de France S.A. as the assignees on the face of the patent. France Telecom alleges that it is the owner by assignment of all substantial rights in the '747 patent. France Telecom has identified Dr. Claude Berrou, the sole named inventor of the '747 patent, as having information relating to the invention embodied by the '747 patent.

#### c.   Defendant's Positions

Marvell denies that it infringes the '747 patent and contends that the '747 patent is invalid. Marvell's invalidity defenses require information regarding the conception, reduction to practice, and prosecution of the '747 patent and its foreign counterparts. France Telecom has represented that it does not have documents in its custody, possession, or control regarding the conception of the claimed invention, but that such evidence would be in the possession of the named inventor and of TDF, the former co-assignee of the '747 patent. Given that TDF was an original assignee of the '747 patent, TDF should have documents and evidence regarding, for example, the conception of the '747 patent, the prosecution of the patent and its foreign counterparts, and the role of individuals involved in developing the claimed invention of the '747 patent.

1     Furthermore, Dr. Berrou was identified by France Telecom as having information relevant

2  to the claims asserted in this litigation.  Dr. Berrou should have information regarding, for

3  example, the invention embodied by the '747 patent, the efforts in developing the subject matter

4  claimed in the '747 patent, prior art to the '747 patent, and the roles of others who collaborated

5  with Dr. Berrou in developing the claimed subject matter.

6     **8.      EVIDENCE TO BE OBTAINED AND PURPOSE (ARTICLE 3(d))**

7     It is respectfully requested that, pursuant to the Hague Evidence Convention, the

8  appropriate judicial authority in France compel TDF to produce documents responsive to the

9  requests for production in Schedule A to this Letter Request, to the extent that they are in the

10 possession, custody, or control of TDF, and are not privileged under the applicable laws of France

11 or the United States.  This Court also requests that the appropriate judicial authority in France

12 compel the appearance of TDF, through a corporate designee, to testify under oath, concerning the

13 topics set forth in Schedule B to this Letter Request.  The witness from whom the testimony is

14 sought resides in the Republic of France and is, upon information and belief, neither domiciled nor

15 doing business in the United States.  Thus, this Court cannot directly compel him to provide the

16 requested testimony.

17    In addition, the Court respectfully requests that, pursuant to the Hague Evidence

18 Convention, the appropriate judicial authority in France compel Dr. Berrou to produce documents

19 responsive to the requests for production in Schedule C to this Letter Request, to the extent that

20 they are in the possession, custody, or control of Dr. Berrou, and are not privileged under the

21 applicable laws of France or the United States.  This Court also requests that the appropriate

22 judicial authority in France approve the appearance of Dr. Claude Berrou to testify under oath,

23 concerning the topics set forth in Schedule D to this Letter Request.  France Telecom has

24 identified Dr. Berrou as having discoverable information in connection with its claims against

25 Marvell.  The witness from whom the testimony is sought resides in the Republic of France and is,

26 upon information and belief, neither domiciled nor doing business in the United States.  Because

27 depositions of French nationals require permission of the French Central Authority for the Hague

28 Evidence Convention, the Court respectfully requests that such permission be granted.

The requested documents and testimony are needed for use at trial in relation to Defendant's defenses and counterclaims. The requested evidence will be particularly relevant, for example, to Defendant's defense that the '747 patent is invalid for failure to comply with the conditions and requirements for patentability under United States patent law. The requested evidence will also be relevant in proving the proper scope of the claimed invention, which is important for determining whether Defendant's products infringe the '747 patent under United States law. These documents will disclose information regarding the field of the invention, the state of the technology in the field prior to the invention, the problem(s) the inventor was trying to solve, the conception and reduction to practice of the invention, the description of the invention in the patent, the claims of the patent, the prosecution history of the patent, contributions by other individuals working with the inventor concerning the subject matter of the claimed invention, and the prior art relevant to the invention. These topics are all important to determining whether the '747 patent is invalid under United States law.

While this Court expresses no view at this time as to the merits in the above-captioned case, it believes the evidence sought here will be relevant to and either probative or disprobative of material facts relevant to the parties' claims and defenses.

## 9. IDENTITY AND ADDRESS OF THE PERSONS TO BE EXAMINED (ARTICLE 3(E))

TDF SAS (formerly known as Télédiffusion de France S.A.)
*via corporate designee*
10, rue d'Oradour sur Glane
Cedex 15
Paris, 75732
France

Dr. Claude Berrou
Telecom Bretagne
Technopole Brest-Iroise
CS 83818
29328 Brest Cedex 3
France

**10.** **STATEMENT OF THE SUBJECT MATTER ABOUT WHICH THE PERSON WILL BE EXAMINED (ARTICLE 3(F))**

Accordingly, I request that questioning be permitted of TDF regarding the topics listed in Schedule B to this Letter Request and of Dr. Berrou regarding the topics listed in Schedule D to this Letter Request.

**11.** **DOCUMENTS AND OTHER EVIDENCE TO BE EXAMINED (ARTICLE 3(G))**

It is respectfully requested that, pursuant to the Hague Convention, the appropriate judicial authority in France compel TDF to produce or make available for inspection the documents set forth in Schedule A to this Letter Request and compel Dr. Berrou to produce or make available for inspection the documents set forth in Schedule C to this Letter Request.

**12.** **REQUIREMENT THAT THE EVIDENCE BE GIVEN ON OATH OR AFFIRMATION (ARTICLE 3(H))**

This Court requests that TDF's corporate designee's testimony be taken under oath.  The Court also requests that Dr. Berrou's testimony be taken under oath.  Pursuant to United States Federal Rule of Evidence 603, this Court requests that the witness be required to declare that he will testify truthfully, by oath or affirmation administered in a form calculated to awaken his or her conscience and impress his or her  mind with the duty to do so.  Specifically, the Court requests that the duly appointed official require the witness to provide his deposition testimony under the following oath:  "I, [name of witness], swear that the testimony I am about to give is the truth, the whole truth, and nothing but the truth."

**13.** **SPECIAL PROCEDURES OR METHOD TO BE FOLLOWED (ARTICLE 3(I))**

The examinations shall be taken under the Federal Rules of Civil Procedure of the United States, except to the extent such procedure is incompatible with the internal laws of France.  This

1  Court requests:  (1) that the examination be taken orally; (2) that the examination be taken before a

2  commercial stenographer and videographer selected by Defendant; (3) that the videographer be

3  permitted to record the examination by audiovisual means; (4) that the stenographer be allowed to

4  record a verbatim transcript of the examination; (5) that the examination be conducted in English,

5  or, if necessary, with the assistance of an interpreter selected by Defendant; (6) that, if the

6  examination is conducted through an interpreter, verbatim transcripts of the proceeding in both

7  English and French be permitted; (7) that the counsel for Marvell and France Telecom be notified

8  as soon as possible of the date, time, and place of the examination, along with any other pertinent

9  information, including what authority has been appointed to preside over the deposition; (8) that

10  counsel for Marvell and France Telecom be permitted to question the witness regarding the subject

11  matter described in Section 10 herein; (9) that ten and a half (10.5) hours be allotted for the

12  examination if the witness requires an interpreter, and seven (7) hours be allotted for the

13  examination if the witness does not require an interpreter; and (10) that the witness be examined as

14  soon as possible.

15      In the event that the evidence cannot be taken according to some or all of the procedures

16  described above, this Court requests that it be taken in such manner as provided by local law for

17  the formal taking of testimonial evidence.

18      When required, this Court shall provide similar assistance as requested herein to the

19  appropriate judicial authorities of France.

20

21  **14.    REQUEST FOR NOTIFICATION OF THE TIME AND PLACE FOR THE**

22  **EXECUTION OF THE REQUEST AND IDENTITY AND ADDRESS OF ANY**

23  **PERSON TO BE NOTIFIED (ARTICLE 7)**

24  Please sent notice of the time and place for the execution of this Request to:

25          Clerk of the United States District Court
            for the Northern District of California
26          450 Golden Gate Avenue
            San Francisco, California 94102
27          United States of America

28

Eric Huang
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
United States of America

Joseph J. LoBue
FRIED, FRANK, HARRIS, SHRIVER & JACOBSEN, LLP
801 17th Street, N.W.
Washington, D.C. 20006
(202) 639-7000

**15.**   **REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF REQUEST (ARTICLE 8)**

None.

**16.**   **SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE UNDER THE LAW OF THE STATE OF ORIGIN (ARTICLE 11)**

Under the laws of the United States, a witness has a privilege to refuse to give evidence if to do so would disclose a confidential communication between the witness and his or her attorney that was communicated specifically for the purpose of obtaining legal advice and which privilege has not been waived.  United States law also recognized a privilege against criminal self-incrimination.  Other limited privileged on grounds not applicable here also exist, such as communications between doctors and patients, husbands and wife, and clergy and penitent. Certain limited immunities are also recognized outside the strict definition of privilege, such as the limited protection of work product created by attorneys during or in anticipation of litigation.

**17.**   **REIMBURSEMENT (ARTICLE 14)**

The fees and costs incurred in the execution of this Request which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Hague Convention will be borne by the above-named Defendant, Marvell Semiconductor, Inc.

Dated:  July 12, 2013

_____
The Honorable Nathanael Cousins
U.S. Magistrate Judge

## SCHEDULE A

## DOCUMENTS TO BE PRODUCED BY TDF

It is respectfully requested that TDF be compelled to produce the following documents (including electronic documents) which are in its possession, custody, or power, and which are not privileged under French or U.S. law:

1.      Notes, correspondence, drafts, and reports recording the conception, reduction to practice, or work in development of the alleged inventions disclosed or claimed in French Patent Application No. 91 05280 and U.S. Patent No. 5,446,747.

2.      Notes, correspondence, drafts, and reports showing the contributions of Dr. Claude Berrou to the development of the alleged invention disclosed or claimed in French Patent Application No. 91 05280 and U.S. Patent No. 5,446,747.

3.      Notes, correspondence, drafts, and reports showing the contributions of Dr. Alain Glavieux to the development of the alleged inventions disclosed or claimed in French Patent Application No. 91 05280 and U.S. Patent No. 5,446,747.

4.      Notes, correspondence, drafts, and reports showing the contributions of Dr. Punya Thitimajshima to the development of the alleged inventions disclosed or claimed in French Patent Application No. 91 05280 and U.S. Patent No. 5,446,747.

5.      Correspondence and reports reflecting the decision to seek patent protection for the subject matter disclosed in French Patent Application No. 91 05280 and U.S. Patent No. 5,446,747.

6.      Correspondence and reports reflecting the decision to name Dr. Claude Berrou as the sole named inventor of French Patent Application No. 91 05280 and U.S. Patent No. 5,446,747.

7.      Agreements to transfer or assign rights in French Patent Application No. 91 05280 and foreign counterparts, including U.S. Patent No. 5,446,747.

8.      Agreements between or among TDF, France Telecom, Dr. Claude Berrou, and Groupe des Ecoles des Telecommunications ("GET") relating to French Patent

Application No. 91 05280 and foreign counterparts, including U.S. Patent No. 5,446,747.

9.   Records of payments received from licenses to French Patent Application No. 91 05280 and foreign counterparts, including U.S. Patent No. 5,446,747.

10.   License agreements to French Patent Application No. 91 05280 and foreign counterparts, including U.S. Patent No. 5,446,747.

## **SCHEDULE B**

### **TOPICS FOR THE DEPOSITION OF TDF**

It is respectfully requested that TDF be compelled to testify (via corporate designee), under oath or affirmation, on the following topics for use at trial:

1. TDF's relationship with France Telecom S.A. and Dr. Claude Berrou.

2. TDF's role and knowledge in the development of the alleged inventions disclosed or claimed in French Patent Application No. 91 05280 and U.S. Patent No. 5,446,747.

3. TDF's knowledge of the contributions of Drs. Claude Berrou, Alain Glavieux, and Punya Thitimajshima in the development of the alleged inventions disclosed or claimed in French Patent Application No. 91 05280 and U.S. Patent No. 5,446,747.

4. TDF's role in and knowledge of the decision to seek patent protection for the alleged inventions disclosed or claimed in French Patent Application No. 91 05280 and U.S. Patent No. 5,446,747.

5. TDF's role in and knowledge of the decision to name Dr. Berrou as the sole named inventor of French Patent Application No. 91 05280 and U.S. Patent No. 5,446,747.

6. TDF's knowledge of the transfer or assignment of rights in French Patent Application No. 91 05280 and foreign counterparts, including U.S. Patent No. 5,446,747.

7. License agreements to in French Patent Application No. 91 05280 and foreign counterparts, including U.S. Patent No. 5,446,747 and payments received from such license agreements.

8. TDF's knowledge of the facts and circumstances of the documents produced from TDF's files in connection with this litigation.

## SCHEDULE C

## DOCUMENTS TO BE PRODUCED BY DR. CLAUDE BERROU

It is respectfully requested that Dr. Berrou be compelled to produce the following documents (including electronic documents) which are in his possession, custody, or power, and which are not privileged under French or U.S. law:

1. Notes, correspondence, drafts, and reports recording the conception, reduction to practice, or work in development of the alleged inventions disclosed or claimed in French Patent Application No. 91 05280 and U.S. Patent No. 5,446,747.

2. Notes, correspondence, drafts, and reports showing the contributions of Dr. Alain Glavieux to the development of the alleged inventions disclosed or claimed in French Patent Application No. 91 05280 and U.S. Patent No. 5,446,747.

3. Notes, correspondence, drafts, and reports showing the contributions of Dr. Punya Thitimajshima to the development of the alleged inventions disclosed or claimed in French Patent Application No. 91 05280 and U.S. Patent No. 5,446,747.

4. Notes, manuals, data sheets, or other descriptions of any embodiments or implementations for practicing the claimed invention of U.S. Patent No. 5,446,747, created on or before the filing of French Patent Application No. 91 05280.

5. Correspondence and reports showing  the decision to seek patent protection for the alleged inventions disclosed or claimed in French Patent Application No. 91 05280 and including U.S. Patent No. 5,446,747.

6. Correspondence and reports showing the transfer or assignment of rights in French Patent Application No. 91 05280 and foreign counterparts, including U.S. Patent No. 5,446,747.

7. Agreements between or among Dr. Berrou, France Telecom, TDF SAS (formerly known as Télédiffusion de France S.A.), and Groupe des Ecoles des Telecommunications ("GET") relating to French Patent Application No. 91 05280 and foreign counterparts, including U.S. Patent No. 5,446,747.

## SCHEDULE D

## TOPICS FOR THE DEPOSITION OF DR. CLAUDE BERROU

It is respectfully requested that Dr. Berrou be compelled to testify, under oath or affirmation, on the following topics for use at trial:

1. Dr. Berrou's relationship with France Telecom S.A. and TDF SAS.

2. The problem(s) allegedly solved by French Patent Application No. 91 05280 and U.S. Patent No. 5,446,747.

3. The claimed invention(s) of French Patent Application No. 91 05280 and U.S. Patent No. 5,446,747 and how they allegedly differ from or improve upon the prior art.

4. Dr. Berrou's knowledge of prior art to French Patent Application No. 91 05280 and U.S. Patent No. 5,446,747.

5. Dr. Berrou's role in and knowledge of the conception, development, actual or constructive reduction to practice, or alleged diligence leading to the reduction to practice, of the alleged inventions disclosed or claimed in French Patent Application No. 91 05280 and U.S. Patent No. 5,446,747.

6. Dr. Berrou's role in and knowledge of the preparation, filing, or prosecution of French Patent Application No. 91 05280 and U.S. Patent No. 5,446,747.

7. The identity and roles of individuals who worked with, collaborated with, reported to, or supervised Dr. Berrou during the development of the alleged inventions disclosed or claimed in French Patent Application No. 91 05280 and U.S. Patent No. 5,446,747.

8. Dr. Berrou's communications with France Telecom and/or TDF concerning the alleged inventions disclosed or claimed in French Patent Application No. 91 05280 and U.S. Patent No. 5,446,747.

9. Dr. Berrou's knowledge of the facts and circumstances of the documents produced from Dr. Berrou's files in connection with this litigation.



AFFIDAVIT OF ACCURACY

I, Ryan Smith, hereby certify that the following is, to the best of my knowledge and belief, a true and accurate translation of the enclosed document "Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 On The Taking of Evidence Abroad In Civil Or Commercial Matters" from English to French.

Ryan Smith
TransPerfect Translations, Inc.
700 6th Street N.W.
5th Floor
Washington, DC 20001

Sworn to before me this
9th day of July, 2013

Signature, Notary Public

LISA CHAN
NOTARY PUBLIC
District of Columbia
My Commission Expires Feb. 14, 2018

Stamp, Notary Public



LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

700 6TH STREET, NW, 5TH FLOOR, WASHINGTON, DC 20001 | T 202.347.2300 | F 202.347.6861 | WWW.TRANSPERFECT.COM
OFFICES IN 80 CITIES WORLDWIDE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUR DE DISTRICT DES ÉTATS-UNIS

POUR LE DISTRICT NORD DE LA CALIFORNIE

DIVISION DE SAN FRANCISCO

FRANCE TELECOM S.A.,

        Plaignant,

    contre

MARVELL SEMICONDUCTOR, INC.,

        Défendeur.

AFFAIRE N° 12-CV-04967 (WHO)

**DEMANDE D'ASSISTANCE JURIDIQUE
INTERNATIONALE EN VERTU DE LA
CONVENTION DE LA HAYE DU 18 MARS
1970 SUR L'OBTENTION DES PREUVES À
L'ÉTRANGER DANS LE CADRE
D'AFFAIRES CIVILES OU
COMMERCIALES.**

        La Cour de district des États-Unis pour le district nord de la Californie présente ses compliments à l'Autorité centrale de la République française, le ministère de la Justice, et sollicite une assistance juridique internationale pour l'obtention d'une preuve qui sera utilisée par cette Cour dans le cadre de la procédure civile énoncée dans l'encadré ci-dessus. Cette Cour a déterminé que l'examen de documents et de preuves en possession, sous la garde ou sous le contrôle de TDF SAS (« TDF ») (anciennement désignée par le nom Télédiffusion de France S.A.) et concernant les questions de ce dossier servirait les intérêts de la justice. Cette Cour a également établi que l'audition du Dr Claude Berrou en tant que témoin dans ce dossier servirait les intérêts de la justice.

        Cette demande est effectuée en vertu de la Convention de La Haye du 18 mars 1970 sur l'Obtention de Preuves à l'Étranger dans le Cadre d'Affaires Civiles ou Commerciales (« Convention de La Haye »), telle qu'adoptée et mise en œuvre aux États-Unis d'Amérique par la section 28 de l'U.S.C. § 1781. La Cour de district des États-Unis pour le district nord de la Californie, division de San Francisco, est un tribunal de droit et d'équité compétent à l'égard de cette procédure, qui détient le pouvoir d'exiger la comparution de témoins et la production de documents au sein et en dehors de sa juridiction. TDF possède, ou est susceptible de posséder, les documents décrits dans l'Annexe A et des informations concernant les sujets décrits dans l'Annexe B des présentes. Le Dr Berrou possède, ou est susceptible de posséder, les

1  documents décrits dans l'Annexe C et des informations concernant les sujets décrits dans l'Annexe D des

2  présentes.

3       Le témoignage et la production de documents par TDF et le témoignage du Dr Berrou sont destinés

4  à être utilisés lors du procès, et seront, selon l'avis de cette Cour, utiles pour éclairer de nombreuses

5  réclamations et argumentations de ce dossier, y compris les actions en contrefaçon du brevet '747 engagées

6  par le Plaignant France Télécom S.A. (le « Plaignant » ou « France Télécom »). Les preuves recherchées

7  dans cette Lettre de demande sont au cœur de questions de fait et de droit qui participeront à la résolution

8  finale des actions engagées par le Plaignant.

9       Cette demande est effectuée étant entendu qu'elle n'obligera personne à commettre un délit quel

10 qu'il soit, ou à faire l'objet d'une enquête plus poussée que si la procédure se déroulait en France.

11

12  **1.     EXPÉDITEUR**

13       Honorable Nathanael M. Cousins
         Magistrat des États-Unis
14       United States District Court for the Northern District of California
         450 Golden Gate Avenue, 15th Floor
15       San Francisco, Californie 94102
         États-Unis
16

17  **2.     AUTORITÉ CENTRALE DE L'ÉTAT SOLLICITÉ**

18       Ministère de la Justice,
         Direction des Affaires Civiles et du Sceau,
19       Bureau de l'Entraide Civile et Commerciale Internationale (D3)
         13, Place Vendôme,
20       75042 Paris Cedex 01
         France
21

22  **3.     PERSONNE À LAQUELLE LA DEMANDE EXÉCUTÉE DOIT ÊTRE
         RETOURNÉE**

23       Eric Huang
24       QUINN EMANUEL URQUHART & SULLIVAN, LLP
         51 Madison Avenue, 22nd Floor
25       New York, New York 10010
         États-Unis
26

27

28

**4.     DISPOSITION SPÉCIFIQUE RELATIVE À LA DATE À LAQUELLE L'AUTORITÉ REQUÉRANTE SOLLICITE LA RÉCEPTION DE LA RÉPONSE À LA LETTRE DE DEMANDE**

Une réponse est attendue aussi rapidement que possible, afin de garantir que les pièces puissent être obtenues avant la date limite pour la communication préalable de ce dossier actuellement fixée au 31 janvier 2014.

**5.     CONFORMÉMENT À L'ARTICLE 3 DE LA CONVENTION DE LA HAYE, LE DEMANDEUR SOUSSIGNÉ A L'HONNEUR DE SOUMETTRE LA DEMANDE SUIVANTE :**

  **a.  Autorité Judiciaire Requérante (Article 3(a))**

Honorable Nathanael M. Cousins
Magistrat des États-Unis
United States District Court for the Northern District of California
450 Golden Gate Avenue, 15th Floor
San Francisco, Californie 94102
États-Unis

  **b.  Auprès de l'Autorité Compétente de la République Française (Article 3(b))**

Ministère de la Justice,
Direction des Affaires Civiles et du Sceau,
Bureau de l'Entraide Civile et Commerciale Internationale (D3)
13, Place Vendôme,
75042 Paris Cedex 01
France

  **c.  Nom de l'Affaire et Numéro d'Identification**

*France Télécom S.A. c. Marvell Semiconductor, Inc.*, Affaire n° 12-CV-04967 (WHO),
Cour de District des États-Unis pour le District Nord de la Californie.

**6.     NOMS ET ADRESSES DES PARTIES ET DE LEURS REPRÉSENTANTS DANS L'AFFAIRE (ARTICLE 3(B))**

  **a.  Plaignant :**

France Télécom S.A.
38-40 rue du Général Leclerc
92794 Issy-Les-Moulineaux
France

1
   *Représenté par :*

2
   Fried, Frank, Harris, Shriver & Jacobsen, LLP
   Elliot E. Polebaum

3
   Joseph J. LoBue
   801 17th Street, N.W.

4
   Washington, D.C. 20006, États-Unis
   (202) 639-7000

5

6
   Fried, Frank, Harris, Shriver & Jacobsen, LLP
   James W. Dabney

7
   Henry C. Lebowitz
   One New York Plaza

8
   New York, NY 10004, États-Unis
   (212) 859-8000

9

10
   Farella Braun + Martel LLP
   Jeffrey M. Fisher

11
   235 Montgomery Street, 17th Floor
   San Francisco, CA 94104 États-Unis
   (415) 954-4400

12

13
   **b.    Défendeur :**

14
   Marvell Semiconductor, Inc.
   5488 Marvell Lane

15
   Santa Clara, CA 95054, États-Unis

16
   Quinn Emanuel Urquhart & Sullivan, LLP
   Kevin P.B. Johnson

17
   555 Twin Dolphin Drive, 5th Floor

18
   Redwood Shores, CA 94065, États-Unis
   (650) 801-5000

19
   Quinn Emanuel Urquhart & Sullivan, LLP

20
   Raymond N. Nimrod
   Eric Huang

21
   Krista M. Rycroft
   51 Madison Avenue, 22nd Floor

22
   New York, NY 10010, États-Unis
   (212) 849-7000

23

24

25

26

27

28

**7.** **NATURE ET OBJET DE LA PROCÉDURE ; RÉSUMÉ DES FAITS (ARTICLE 3(c))**

  **a.** **Nature et Objet des revendications**

L'affaire énoncée dans l'encadré ci-dessus est une procédure civile de la Cour de District des États-Unis pour le District Nord de la Californie engagée par le Plaignant France Télécom S.A. (« France Télécom ») contre le Défendeur Marvell Semiconductor, Inc. (« Marvell ») pour violation du Brevet américain n° 5 446 747 (« le brevet '747 »).

  **b.** **Allégations du Plaignant**

France Télécom allègue que le brevet '747 révèle et revendique des méthodes pour le codage de corrections d'erreurs d'éléments de données numériques source, comprenant des éléments de données construits désignés sous le nom de « turbo codes ». France Télécom accuse certaines puces Marvell utilisées dans les smartphones cellulaires de porter atteinte au brevet '747.

Le brevet '747 a été accordé le 29 août 1995 et désigne France Télécom et Télédiffusion de France S.A. comme cessionnaires sur le libellé du brevet. France Télécom allègue qu'elle est propriétaire par cession de tous les droits substantiels du brevet '747. France Télécom a établi que le Dr Claude Berrou, seul inventeur désigné du brevet '747, détient des informations concernant l'invention définie par le brevet '747.

  **c.** **Positions du Défendeur**

Marvell nie avoir enfreint le brevet '747 et fait valoir que le brevet '747 est invalide. La thèse d'invalidité invoquée par Marvell nécessite des renseignements concernant la conception, la mise en application et le traitement du brevet '747 et de ses équivalents étrangers. France Télécom a indiqué qu'elle n'avait pas de documents en sa possession, sous sa garde ou sous son contrôle concernant la conception de l'invention revendiquée, mais que de tels documents seraient en possession de l'inventeur désigné et de TDF, ancien co-cessionnaire du brevet '747. Étant donné que TDF était un des cessionnaires initiaux du brevet '747, TDF devrait posséder des documents et preuves concernant, par exemple, la conception du brevet '747, le traitement du brevet et de ses équivalents étrangers, et le rôle des personnes impliquées dans le développement de l'invention revendiquée du brevet '747.

Par ailleurs, il a été établi par France Télécom que le Dr Berrou détient des informations concernant les réclamations soutenues dans ce litige. Le Dr Berrou devrait posséder des informations concernant, par exemple, l'invention définie par le brevet '747, les efforts déployés pour développer l'objet revendiqué dans le brevet '747, la technique antérieure au brevet '747 et les rôles des autres personnes ayant collaboré avec le Dr Berrou pour développer l'objet du brevet.

## 8. PREUVE FAISANT L'OBJET D'UNE DEMANDE D'OBTENTION ET FINALITÉ (ARTICLE 3(d))

Nous demandons respectueusement que, en vertu de la Convention de La Haye sur les preuves, l'autorité judiciaire compétente en France contraigne TDF à produire des documents répondant aux demandes de production de l'Annexe A de cette Lettre de demande, dans la mesure où lesdits documents sont en possession, sous la garde ou sous le contrôle de TDF, et ne sont pas confidentiels selon les lois en vigueur en France ou aux États-Unis. Cette Cour demande également que l'autorité judiciaire compétente en France contraigne TDF à comparaître, par le biais d'un délégué de l'entreprise, pour témoigner sous serment à propos des questions énoncées dans l'Annexe B de cette Lettre de Demande. Le témoin dont le témoignage est sollicité réside en République française et, selon nos informations et convictions, n'est pas domicilié aux États-Unis et n'a aucune affaire aux États-Unis. C'est pourquoi cette Cour n'est pas en mesure d'exiger directement de ce témoin qu'il fournisse le témoignage demandé.

De plus, la Cour demande respectueusement que, en vertu de la Convention de La Haye sur les preuves, l'autorité judiciaire compétente en France contraigne le Dr Berrou à produire des documents répondant aux demandes de production de l'Annexe C de cette Lettre de demande, dans la mesure où lesdits documents sont en possession, sous la garde ou sous le contrôle du Dr Berrou, et ne sont pas confidentiels selon les lois en vigueur en France ou aux États-Unis. Cette Cour demande également que l'autorité judiciaire compétente en France approuve la comparution du Dr Claude Berrou pour témoigner sous serment à propos des questions stipulées dans l'Annexe D de cette Lettre de demande. France Télécom a établi que le Dr Berrou possède des informations communicables en rapport avec les revendications de France Telecom contre Marvell. Le témoin dont le témoignage est sollicité réside en République française et, selon nos informations et convictions, n'est pas domicilié aux États-Unis et n'a aucune affaire aux États-Unis. Étant donné que les dépositions de ressortissants français exigent la

1  permission de l'Autorité Centrale Française eu égard à la Convention de La Haye sur les Preuves, la Cour

2  demande respectueusement que cette permission soit accordée.

3     Les documents et témoignages requis sont nécessaires en vue du procès relativement à

4  l'argumentation et aux demandes reconventionnelles du Défendeur. La preuve requise sera particulièrement

5  utile, par exemple, concernant l'argumentation du Défendeur indiquant que le brevet '747 est invalide pour

6  non-respect des conditions et exigences de brevetabilité de la loi américaine sur les brevets. La preuve

7  requise sera également pertinente pour prouver l'étendue véritable de l'invention revendiquée, ce qui est

8  d'importance pour déterminer si les produits du Défendeur portent atteinte au brevet '747 selon le droit des

9  États-Unis. Ces documents révèleront des informations concernant le domaine de l'invention, l'état de la

10  technologie dans ce domaine avant l'invention, le(s) problème(s) que l'inventeur essayait de résoudre, la

11  conception et la mise en application de l'invention, la description de l'invention dans le brevet, les

12  revendications du brevet, l'historique du traitement du brevet, les contributions apportées par d'autres

13  personnes travaillant avec l'inventeur concernant le sujet de l'invention revendiquée, et la technique

14  antérieure en rapport avec l'invention. Ces sujets sont tous importants pour déterminer si le brevet '747 est

15  invalide en vertu du droit des États-Unis.

16     Bien que cette Cour n'exprime, pour l'heure, aucune opinion quant au bien-fondé de l'affaire

17  énoncée ci-dessus en encadré, elle estime que la preuve ici sollicitée présente une pertinence susceptible de

18  permettre de prouver ou de réfuter les faits importants avancés dans les plaintes et argumentations des

19  parties.

20     **9.**   **IDENTITÉ ET ADRESSE DES PERSONNES À INTERROGER**

21  **(ARTICLE 3(E))**

22  TDF SAS (anciennement désignée sous le nom de Télédiffusion de France S.A.)
    *représentée par un délégué d'entreprise*

23  10, rue d'Oradour sur Glane
Cedex 15
Paris, 75732

24  France

25  Dr Claude Berrou

26  Télécom Bretagne
Technopole Brest-Iroise

27  CS 83818
29328 Brest Cedex 3

28  France

**10.     ÉNONCÉ DES SUJETS SUR LESQUELS LA PERSONNE SOLLICITÉE SERA ENTENDUE (ARTICLE 3(F))**

Dès lors, je demande l'autorisation d'interroger TDF concernant les sujets énoncés dans l'Annexe B de cette Lettre de demande et le Dr Berrou concernant les sujets énoncés dans l'Annexe D de cette Lettre de demande.

**11.     DOCUMENTS ET AUTRES PREUVES À EXAMINER (ARTICLE 3(G))**

Nous demandons respectueusement, en vertu de la Convention de La Haye, que l'autorité judiciaire compétente en France contraigne TDF à produire ou à mettre à disposition, pour examen, les documents énoncés dans l'Annexe A de cette Lettre de Demande, et qu'elle contraigne le Dr Berrou à produire ou à mettre à disposition, pour examen, les documents énoncés dans l'Annexe C de cette Lettre de Demande.

**12.     EXIGENCE D'UNE AUDITION SOUS SERMENT OU SOUS FORME SOLENNELLE (ARTICLE 3(H))**

Cette Cour demande que le témoignage du délégué d'entreprise de TDF se fasse sous serment. La Cour demande également que le témoignage du Dr Berrou se fasse sous serment. Conformément à la loi américaine intitulée Federal Rule of Evidence 603, cette Cour demande que le témoin soit tenu de déclarer qu'il témoignera de manière sincère, sous serment ou sous une forme solennelle de nature à éveiller sa conscience et à lui permettre de prendre la mesure du devoir qui lui incombe. Plus précisément, la Cour demande que l'officier compétent exige du témoin qu'il fasse sa déposition après avoir formulé le serment suivant : « Je soussigné, [nom du témoin], jure de dire, dans mon témoignage, la vérité, toute la vérité, rien que la vérité ».

**13.     MÉTHODES ET PROCÉDURES SPÉCIFIQUES À RESPECTER (ARTICLE 3(I))**

La procédure interrogatoire doit être menée conformément aux règles américaines intitulées Federal Rules of Civil Procedure, sauf dans la mesure où une telle procédure serait incompatible avec le droit français. Cette Cour demande : (1) qu'il soit procédé à une audition orale ; (2) que l'audition soit

consignée par un sténographe professionnel et un vidéographe désignés par le Défendeur ; (3) que le vidéographe soit autorisé à enregistrer l'audition par des moyens audiovisuels ; (4) que le sténographe soit autorisé à procéder à une transcription mot à mot de l'audition ; (5) que l'audition soit effectuée en anglais, ou, si nécessaire, avec l'assistance d'un interprète désigné par le Défendeur ; (6) que, dans le cas où l'audition serait conduite en présence d'un interprète, les transcriptions mot à mot de la procédure puissent être effectuées à la fois en anglais et en français ; (7) que les avocats de Marvell et de France Télécom soient notifiés dès que possible de la date, de l'heure et du lieu de l'audition, ainsi que de toute autre information d'importance, y compris l'autorité qui a été désignée pour présider à l'audition ; (8) que les avocats de Marvell et de France Télécom soient autorisés à interroger le témoin concernant les sujets décrits dans la Section 10 du présent document ; (9) que dix heures et demie (10,5 heures) soient consacrées à l'audition dans le cas où le témoin ferait appel à un interprète, et que sept (7) heures soient consacrées à l'audition dans le cas où le témoin ne solliciterait pas d'interprète ; et (10) que le témoin soit entendu dès que possible.

Dans le cas où la preuve ne pourrait être recueillie conformément à l'ensemble ou à une partie de la procédure décrite ci-dessus, cette Cour demande qu'elle soit recueillie de la manière prévue par le droit local concernant le recueil formel de la preuve par témoignage.

Si nécessaire, cette Cour fournira aux autorités judiciaires françaises compétentes une assistance de la même nature que l'assistance sollicitée par les présentes.

**14. DEMANDE DE NOTIFICATION DE L'HEURE ET DU LIEU DE L'EXÉCUTION DE LA DEMANDE ; IDENTITÉ ET ADRESSE DE TOUTE PERSONNE À NOTIFIER (ARTICLE 7)**

Veuillez faire parvenir la notification de l'heure et du lieu de l'exécution de cette demande à :

> Clerk of the United States District Court
> for the Northern District of California
> 450 Golden Gate Avenue
> San Francisco, Californie 94102
> États-Unis

Eric Huang
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
États-Unis

Joseph J. LoBue
FRIED, FRANK, HARRIS, SHRIVER & JACOBSEN, LLP
801 17th Street, N.W.
Washington, D.C. 20006, États-Unis
(202) 639-7000

**15.** **DEMANDE DE PRÉSENCE OU DE PARTICIPATION DU PERSONNEL JUDICIAIRE DE L'AUTORITÉ REQUÉRANTE À L'EXÉCUTION DE LA LETTRE DE DEMANDE (ARTICLE 8)**

Néant.

**16.** **DISPOSITION SPÉCIFIQUE RELATIVE AU PRIVILÈGE OU AU DEVOIR DE REFUSER DE FOURNIR UNE PREUVE EN VERTU DES LOIS DU PAYS D'ORIGINE (ARTICLE 11)**

En vertu des lois des États-Unis, un témoin est en droit de refuser de fournir une preuve si le fait de fournir cette preuve revient à divulguer une communication confidentielle entre le témoin et son avocat effectuée aux seules fins d'obtenir l'assistance d'un avocat et à l'égard de laquelle le privilège n'a pas été levé. Les lois des États-Unis reconnaissent également un privilège contre l'auto-incrimination. D'autres privilèges restreints afférents à des motifs non applicables en l'espèce existent également, tels que le secret des communications entre un médecin et son patient, entre des époux, ou entre un ecclésiastique et un pénitent. Certaines immunités limitées sont également reconnues en dehors de la stricte définition du privilège, comme la protection limitée du produit du travail de l'avocat au cours ou en préparation d'un litige.

**17.** **REMBOURSEMENT (ARTICLE 14)**

Les frais et coûts engagés dans le cadre de l'exécution de la présente Demande, remboursables en vertu du deuxième paragraphe de l'Article 14 ou conformément à l'Article 26 de la Convention de La Haye, seront à la charge du Défendeur susnommé, Marvell Semiconductor, Inc.

Date :  12 juillet 2013

Honorable Nathanael Cousins
Magistrat des États-Unis

## ANNEXE A

## DOCUMENTS À PRODUIRE PAR TDF

Nous demandons respectueusement que TDF soit contrainte à produire les documents suivants (y compris les documents électroniques) qui sont en sa possession, sous sa garde ou en son pouvoir et qui ne sont pas protégés par le secret professionnel :

1. Notes, correspondances, projets et rapports enregistrant la conception, la mise en application ou tout travail en cours relatifs aux inventions alléguées révélées ou revendiquées contenues dans la Demande française de brevet portant numéro 91 05280 et le Brevet américain n° 5 446 747.

2. Notes, correspondances, projets et rapports témoignant de la contribution du Dr Claude Berrou au développement des inventions alléguées révélées ou revendiquées contenues dans la Demande française de brevet portant numéro 91 05280 et le Brevet américain n° 5 446 747.

3. Notes, correspondances, projets et rapports témoignant de la contribution du Dr Alain Glavieux au développement des inventions alléguées révélées ou revendiquées contenues dans la Demande française de brevet portant numéro 91 05280 et le Brevet américain n° 5 446 747.

4. Notes, correspondances, projets et rapports témoignant de la contribution du Dr Punya Thitimajshima au développement des inventions alléguées révélées ou revendiquées contenues dans la Demande française de brevet portant numéro 91 05280 et le Brevet américain n° 5 446 747.

5. Notes, correspondances, projets et rapports se rapportant à la décision d'avoir recours à la protection du brevet de l'objet révélé dans la Demande française de brevet portant numéro 91 05280 et le Brevet américain n° 5 446 747.

6. Correspondances et rapports se rapportant à la décision de nommer le Dr Claude Berrou comme le seul inventeur désigné de la Demande française de brevet portant numéro 91 05280 et le Brevet américain n° 5 446 747.

Affaire n° : 12-CV-04967

7.      Accords concernant le transfert ou la cession des droits relatifs à la Demande française de brevet portant numéro 91 05280, et toutes demandes déposées à l'étranger, y compris le Brevet américain n° 5 446 747.

8.      Accords entre ou au sein de TDF, France Télécom, le Dr Claude Berrou, et le Groupe des Écoles des Télécommunications (« GET ») concernant la Demande française de brevet portant numéro 91 05280, et toutes demandes déposées à l'étranger, y compris le Brevet américain n° 5 446 747.

9.      Relevés des paiements reçus au titre des licences relatives à la Demande française de brevet portant numéro 91 05280 et toutes demandes déposées à l'étranger, y compris le Brevet américain n° 5 446 747.

10.     Contrats de licences relatifs à la Demande française de brevet portant numéro 91 05280 et toutes demandes déposées à l'étranger, y compris le Brevet américain n° 5 446 747.

**ANNEXE B**

**SUJETS POUR LA DÉPOSITION DE TDF**

Nous demandons respectueusement que TDF soit contrainte à témoigner (par le biais d'un délégué d'entreprise), sous serment ou sous une forme solennelle, à propos des sujets suivants en vue du procès :

1. Relations de TDF avec France Télécom S.A. et le Dr Claude Berrou.

2. Rôle et informations de TDF concernant le développement des inventions alléguées révélées ou revendiquées contenues dans la Demande française de brevet portant numéro 91 05280 et le Brevet américain n° 5 446 747.

3. Informations de TDF concernant la contribution des Drs. Claude Berrou, Alain Glavieux, et Punya Thitimajshima au développement des inventions alléguées révélées ou revendiquées contenues dans la Demande française de brevet portant numéro 91 05280 et le Brevet américain n° 5 446 747.

4. Rôle et informations de TDF se rapportant à la décision d'avoir recours à la protection du brevet concernant les inventions alléguées révélées ou revendiquées contenues dans la Demande française de brevet portant numéro 91 05280 et le Brevet américain n° 5 446 747.

5. Rôle et informations de TDF concernant la décision de nommer le Dr Berrou comme le seul inventeur désigné de la Demande française de brevet portant numéro 91 05280 et le Brevet américain n° 5 446 747.

6. Informations de TDF concernant le transfert ou la cession des droits relatifs à la Demande française de brevet portant numéro 91 05280, et toutes demandes déposées à l'étranger, y compris le Brevet américain n° 5 446 747.

7. Contrats de licence relatifs à la Demande française de brevet portant numéro 91 05280, et toutes demandes déposées à l'étranger, y compris le Brevet américain n° 5 446 747, et paiements reçus au titre desdits contrats de licence.

8. Informations de TDF concernant les faits et les circonstances entourant la production des documents provenant des dossiers de TDF en lien avec ce litige.

Affaire n° : 12-CV-04967

**ANNEXE C**

**DOCUMENTS À PRODUIRE PAR LE DR CLAUDE BERROU**

Nous demandons respectueusement que le Dr Berrou soit contraint de produire les documents suivants (y compris les documents électroniques) qui sont en sa possession, sous sa garde ou en son pouvoir et qui ne sont pas protégés par le secret professionnel :

1. Notes, correspondances, projets et rapports enregistrant la conception, la mise en application ou tout travail en cours relatifs aux inventions alléguées révélées ou revendiquées contenues dans la Demande française de brevet portant numéro 91 05280 et le Brevet américain n° 5 446 747.

2. Notes, correspondances, projets et rapports témoignant de la contribution du Dr Alain Glavieux au développement des inventions alléguées révélées ou revendiquées contenues dans la Demande française de brevet portant numéro 91 05280 et le Brevet américain n° 5 446 747.

3. Notes, correspondances, projets et rapports témoignant de la contribution du Dr Punya Thitimajshima au développement des inventions alléguées révélées ou revendiquées contenues dans la Demande française de brevet portant numéro 91 05280 et le Brevet américain n° 5 446 747.

4. Notes, manuels, feuilles de données ou autres descriptions de toute réalisation ou mise en œuvre visant à mettre en pratique l'invention revendiquée du Brevet américain n° 5 446 747, créés au moment ou avant le dépôt de la Demande française de brevet portant le numéro 91 05280.

5. Correspondances et rapports se rapportant à la décision d'avoir recours à la protection du brevet pour les inventions alléguées révélées ou revendiquées contenues dans la Demande française de brevet portant numéro 91 05280 et comprenant le Brevet américain n° 5 446 747.

Affaire n° : 12-CV-04967

6.   Correspondances et rapports se rapportant au transfert ou à la cession des droits relatifs à la Demande française de brevet portant numéro 91 05280, et toutes demandes déposées à l'étranger, y compris le Brevet américain n° 5 446 747.

7.   Accords entre le Dr Berrou, France Télécom, TDF SAS (anciennement Télédiffusion de France S.A.), et le Groupe des Écoles des Télécommunications (« GET ») concernant la Demande française de brevet portant numéro 91 05280, et toutes demandes déposées à l'étranger, y compris le Brevet américain n° 5 446 747.

**ANNEXE D**

**SUJETS POUR LA DÉPOSITION DU DR CLAUDE BERROU**

Nous demandons respectueusement que le Dr Berrou soit contraint de témoigner, sous serment ou sous une forme solennelle, à propos des sujets suivants en vue du procès :

1.    Le Dr Berrou et ses relations avec France Télécom S.A. et TDF SAS.

2.    Le(s) problème(s) censé(s) avoir été résolu(s) par la Demande française de brevet portant numéro 91 05280, et le Brevet américain n° 5 446 747.

3.    L'invention revendiquée, ou les inventions revendiquées de la Demande française de brevet portant numéro 91 05280, et du Brevet américain n° 5 446 747, et la façon dont elles sont censées différer de ou améliorer la technique antérieure.

4.    Les connaissances du Dr Berrou sur la technique antérieure à la Demande française de brevet portant numéro 91 05280, et au Brevet américain n° 5 446 747.

5.    Le rôle et les informations du Dr Berrou concernant la conception, le développement, la mise en application véritable ou formelle, ou la diligence alléguée ayant conduit à la mise en application des inventions alléguées révélées ou revendiquées contenues dans la Demande française de brevet portant numéro 91 05280, et le Brevet américain n° 5 446 747.

6.    Le rôle et les informations du Dr Berrou concernant la préparation, le dépôt ou le traitement de la Demande française de brevet portant numéro 91 05280, et du Brevet américain n° 5 446 747.

7.    L'identité et le rôle des personnes ayant travaillé avec, collaboré avec, rendu compte à ou supervisé le Dr Berrou au cours du développement des inventions alléguées révélées ou revendiquées contenues dans la Demande française de brevet portant numéro 91 05280, et le Brevet américain n° 5 446 747.

8.    Les communications du Dr Berrou avec France Télécom et/ou TDF concernant les inventions alléguées révélées ou revendiquées contenues révélé dans la Demande française de brevet portant numéro 91 05280, et le Brevet américain n° 5 446 747.

9.      Les informations du Dr Berrou concernant les faits et les circonstances entourant la production des documents provenant des dossiers du Dr Berrou en lien avec ce litige.

Affaire n° : 12-CV-04967