UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCE TELECOM, S.A., | Case No. 12-CV-04967 WHA (NC) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST TO COMPEL PRODUCTION OF LICENSES AND ASSOCIATED DOCUMENTS** |
| v. | |
| MARVELL SEMICONDUCTOR, INC., | |
| Defendant. | Re: Dkt. No. 108 |

The Parties filed a joint letter brief on August 31, 2013 requesting that the Court resolve a discovery dispute regarding whether Plaintiff must produce "all licenses to U.S. Patent No. 5,446,747 ("the '747 patent") and the associated licensing documents." Dkt. No. 108.

Under Federal Rule of Civil Procedure 34, a party may serve on another party a request to produce documents and other tangible things within the responding party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). The scope of the request is governed by Rule 26(b), which allows a party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 34(a)(1); Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial

if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Each request must describe "with reasonable particularity" the items to be produced. Fed. R. Civ. P. 34(b)(1).

Defendant has demonstrated that non-3G/4G licenses are relevant to, at a minimum, the valuation of the '747 patent and Plaintiff's request for damages. However, "associated documents" does not describe with sufficient particularity the documents to be produced, and does not appear reasonably calculated to lead to the discovery of admissible evidence. Therefore, France Telecom is ORDERED to produce all licenses to U.S. Patent No. 5,446,747 to Defendant within fourteen days. Marvell Semiconductor's request that the Court compel production of "associated documents" is DENIED.

The Court notes that a protective order is in place, which serves to protect the commercial interests and ease the confidentiality concerns of the Parties. Dkt. No. 80. Should the Parties determine that the current protective order is insufficient to protect their commercial interests, the Parties may propose modifications at any time.

Any party may object to this order within fourteen days. Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.

Date: September 6, 2013

Nathanael M. Cousins
United States Magistrate Judge