UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCE TELECOM S.A., <br><br> Plaintiff, <br><br> v. <br><br> MARVELL SEMICONDUCTOR INC., <br><br> Defendant. | Case No. 12-cv-04967-WHO <br><br> **ORDER DENYING DEFENDANT'S MOTION TO STRIKE REPLY CLAIM CONSTRUCTION BRIEF AND DECLARATION AND GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE SURREPLY CLAIM CONSTRUCTION BRIEF AND ACCOMPANYING DECLARATION** <br><br> Re: Dkt. No. 104 |

## INTRODUCTION

Defendant Marvell Semiconductor, Inc. has moved to strike portions of Plaintiff France Telecom S.A.'s reply claim construction brief (Dkt. No. 96) and portions of the rebuttal expert declaration of Professor Michael Mitzenmacher (Dkt. No. 98) submitted in support of the reply brief. Marvell moves in the alternative for leave to submit a claim construction surreply brief, accompanied by a declaration rebutting Professor Mitzenmacher's declaration. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby vacates the hearing currently scheduled for September 11, 2013. The Court DENIES Marvell's motion to strike but GRANTS Marvell leave to file a surreply brief and accompanying declaration.

## DISCUSSION

France Telecom did not submit an expert declaration with its opening claim construction brief, relying instead on documentary intrinsic and extrinsic evidence to support its positions regarding the meanings of the claim terms to a person of ordinary skill in the art. Dkt. No. 83.

1  For its part, Marvell submitted the declaration of Professor Paul Min in support of its responsive
2  claim construction brief, which opined on the meaning of the disputed terms according to a person
3  of ordinary skill in the art. Dkt. No. 91 at 12. In turn, France Telecom submitted the declaration
4  of Professor Michael Mitzenmacher with its reply claim construction brief which, according to
5  France Telecom, explains that "Marvell's expert, Prof. Min, ignores the actual description in the
6  patent and offers only vague pointers to external references that do not give weight to his opinions
7  (and, in fact, contradict them)." Dkt. No. 96 at 8.

8  Marvell argues that Professor Mitzenmacher's declaration violates the Local Rules and the
9  Court's orders regarding the scope and content of reply briefs. According to Marvell, the
10 Mitzenmacher Declaration "is littered with new opinions regarding the understanding of one of
11 ordinary skill in the art. Although thinly veiled as 'rebuttal' evidence in response to Prof. Min's
12 declaration, these new opinions supplement France Telecom's affirmative claim construction
13 evidence and are therefore not proper rebuttal evidence." Dkt. No. 104 at 9. Marvell further
14 asserts that the submission of the Mitzenmacher Declaration with France Telecom's reply brief
15 "unfairly prevents Marvell the opportunity to address and rebut the opinions and bases therefore
16 contained in the declaration, as well as rebut the arguments based on those opinions." *Id.* at 6.

17 In response, France Telecom notes that there is no requirement that a party submit expert
18 evidence in support of its claim construction position. France Telecom argues that Professor
19 Mitzenmacher's declaration "simply identifies incorrect statements in Prof. Min's declaration and
20 explains why they are inconsistent with the plain text of the patent-in-suit, other evidence
21 previously proffered by Marvell, and rebuttal documentary evidence previously identified by
22 France Telecom . . . .[t]his is classic rebuttal testimony and entirely proper for a reply
23 submission." Dkt. No. 106 at 6.

24 France Telecom elected not to submit an expert declaration with its opening brief. Then,
25 rather than relying on the same documentary evidence it used in its opening brief to rebut
26 Professor Min's declaration, France Telecom elected to submit a declaration from Professor
27 Mitzenmacher with its reply brief. As a result, the Court has before it evidence from France
28 Telecom regarding the meaning of the disputed terms to a person of ordinary skill in the art that

2

Marvell has not had the opportunity to rebut.  Moreover, France Telecom apparently anticipated that Marvell would provide expert declarations inconsistent with France Telecom's constructions, to which Professor Mitzenmacher would need to respond.  *See* Dkt. No. 81, Ex. B at 2-7 ("Prof. Michael Mitzenmacher may provide declarations or testimony as to the meaning and scope of this claim term to a person of ordinary skill in the art in light of his experience and the intrinsic and extrinsic evidence . . . . Prof. Mitzenmacher may provide opinions in response to the testimony or declarations of any expert identified by Defendant relating to this claim term").  This suggests that France Telecom anticipated that it would likely submit expert evidence in support of its positions, yet elected to wait until its reply brief to do so, when Marvell would be unable to respond.  If that is in fact the case, that is not the way motion practice is supposed to proceed.

While expert evidence is often submitted in support of an opening claim construction brief to opine on the understanding of the disputed terms to one of ordinary skill in the art, it is true, as France Telecom points out, that there is no requirement that this be done.  And Professor Mitzenmacher's declaration does, at least superficially, appear to respond to specific points raised by Professor Min.  The Markman hearing is not set until December 13, 2013.  Dkt. No. 109.  In light of all of those factors, rather than strike the Mitzenmacher Declaration, the Court will afford Marvell the opportunity to respond.

## CONCLUSION

For the reasons stated above, the Court DENIES Marvell's motion to strike but GRANTS Marvell leave to file a surreply brief and accompanying declaration, to be filed within 14 days of this Order.  The surreply brief and accompanying declaration shall be strictly limited to responding to matters raised in the Mitzenmacher Declaration.  Any additional material is subject to being stricken.

**IT IS SO ORDERED**.

Dated: September 9, 2013

_____
WILLIAM H. ORRICK
United States District Judge

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California