Kevin P.B. Johnson (CA Bar No. 177129)
    kevinjohnson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendant
Marvell Semiconductor, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCE TELECOM S.A.,<br><br>         Plaintiff,<br><br>    vs.<br><br>MARVELL SEMICONDUCTOR, INC.,<br><br>         Defendant. | CASE NO. 12-CV-04967-WHO<br><br>**MARVELL'S REPLY BRIEF TO PLAINTIFF'S BRIEF REGARDING PROPOSED SUPPLEMENT TO EXPERT REPORT** |

Marvell respectfully submits this reply brief in opposition to France Telecom's request to supplement its infringement expert report. France Telecom's supplemental report is untimely, not supported by good cause, lacks a showing of diligence, and is prejudicial. *See* Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). France Telecom has been aware of Marvell's proposed construction since at least May 2013.

***France Telecom uses the wrong standard.*** France Telecom now argues that it need only show that the supplement is harmless, citing case law applying Rule 37 in the context of a motion to strike a late served expert report. D.I. 165, at 2. But France Telecom seeks leave to supplement its expert report out of time, and its request is subject to Rule 16(b) given the Court's schedule. Diligence is required to show good cause for leave to supplement outside of the Court's schedule. *See Johnson*, 975 F.2d at 609 (noting that lack of prejudice alone is insufficient). The Court should not hold France Telecom to any lower standard than good cause; to do so would lead to the perverse result of parties successfully supplementing out of time even if they had been denied leave.

The law on which France Telecom relies does not support its arguments. D.I.165, at 2. The appellate court in *Yeti by Molly Ltd. v. Deckers Outdoors Corp.* rejected a late supplement, even though the sanction—preclusion of a supplemental expert report—made it "much more difficult, perhaps almost impossible" for defendant to rebut plaintiff's damages calculations, because the supplementation was not justified ***and*** not harmless. *See* 259 F.3d 1101, 1106-07 (9th Cir. 2001). The cases France Telecom cites also apply an analysis akin to good cause, which is missing here. *See Volterra Semiconductor Corp. v. Primarion, Inc.*, 2012 WL 5932733 (N.D. Cal. Nov. 27, 2012) (justifying supplemental expert report based on ***recently discovered facts not previously known*** and the fact that expert depositions had not yet been conducted); *Medtronic Vascular, Inc. v. Abbott Cardiovascular Sys., Inc.*, 2008 WL 4601038 at *2-*3 (N.D. Cal. Oct. 15, 2008) (allowing Rule 26(e) supplement only because good cause existed ***to correct numerical mistakes*** discovered during a deposition); *Apple, Inc. v. Samsung Elecs. Co.*, 2013 WL 3246094 at *5-*6 (N.D. Cal. June 26, 2013) (permitting amended contentions under Patent Rule 3-6, based on Court's new claim construction ***not proposed by either party***); *Advanced Fiber Techs. (AFT) Trust v. J&L Fiber Svcs., Inc.*, 2013 WL 5462584 at *2-*4 (N.D.N.Y. Sept. 30, 2013) (allowing supplement ***based on new claim construction***

*on remand* and because no schedule was set).  In arguing that its supplement is harmless, France Telecom concedes that it was not diligent in making its expert disclosures.

***France Telecom mischaracterizes the nature of the original February 14, 2014 infringement expert report***, in which its expert disclosed only an opinion of literal infringement under Marvell's construction.[1]  D.I. 165, exh. 1, ¶ 120.  Faced with the prospect of its expert not being able to opine at trial on the application of the doctrine of equivalents under Marvell's construction, France Telecom argues that its expert's new doctrine of equivalents opinion is supported by his literal infringement opinion, incorrectly noting the supplement "merely casts Dr. Mitzenmacher's previous verbal characterizations of the same substantive matters, which have been in the case from the beginning, in light of the Court's Claim Construction Order." *Id.* 1.  It argues, "that which is identical also is by definition equivalent or interchangeable." *Id.* 5.  First, France Telecom cites no authority for this novel and incorrect proposition.  The standard for infringement under the doctrine of equivalents involves a limitation-by-limitation analysis of the differences between the accused product and the claim limitation.  That analysis differs from the analysis for literal infringement.  *Texas Instruments, Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1567-68 (Fed. Cir. 1996) (finding expert's testimony on literal infringement insufficient to support doctrine of equivalents); *see also* Patent L.R. 3-1(e) (requiring specific disclosure of doctrine of equivalents).  Second, its expert did not opine on how Figure 1 would literally meet Claim 1 ***under Marvell's construction***.  The only disclosure of any opinion or analysis of Claim 1 under Marvell's construction of "systematic convolutional coding" is in paragraph 120 of its expert's report, which does not mention Figure 1.  D.I. 165, exh. 1, ¶ 120.  To the extent France Telecom argues the other parts of the discussion of Figure 1 are relevant to this new opinion, neither its expert nor France Telecom has identified those portions nor explained how they disclose an opinion on the doctrine of equivalents.  Third, to accept France Telecom's rationale would encourage expert witnesses and plaintiffs not to exercise diligence in timely disclosing expert opinions

---

[1] This literal infringement opinion fails because it conflicts with the Court's claim construction order.  The claims require "coded and uncoded data elements must be transmitted together for coding to be systematic," D.I. 141, at 13, but Mitzenmacher's literal infringement opinion does not identify two steps of systematic convolutional coding where uncoded data elements are transmitted together with coded data elements.

on the doctrine of equivalents.

For the same reasons, France Telecom's argument that, because it raised the doctrine of equivalents in its infringement contentions, Marvell should expect that France Telecom's expert would raise it at trial, ***even though he omitted any such analysis in his report***, must also fail. Allowing supplementation here encourages parties who are not diligent to rely on late supplementation to conform expert disclosures to infringement contentions.

***France Telecom incorrectly characterizes the supplemental expert report.*** If Rule 37 applies, the burden is on France Telecom to demonstrate its supplement is harmless. *Yeti*, 259 F.3d at 1107. Its attempts to do so fail.

First, France Telecom argues the supplement is harmless because it is short and addresses "collateral" issues. Length is of no matter where a new opinion on the doctrine of equivalents is added to the expert report. Contrary to its suggestion otherwise, France Telecom's supplemental report ***expressly asserts*** that Marvell's products infringe under the doctrine of equivalents. (Koehl Ex. 2, ¶¶ 196, 198.) This issue is not collateral—the doctrine of equivalents is a separate theory of infringement that its expert could have and must have addressed in his February 14 infringement report. *Cypress*, 90 F.3d at 1567-68. Indeed, if this supplement were truly collateral, it would not be necessary. Rather, it is an attempt by France Telecom to have its expert opine on the doctrine of equivalents in a manner that conflicts with the Court's claim construction, and vitiates a claim limitation. Second, France Telecom ignores that amendment under Patent L.R. 3-6 is generally not available when the court adopts a claim construction proposed by one of the parties. *Verinata Health, Inc. v. Sequenom, Inc.*, 2014 WL 789197, at *2 (N.D. Cal. 2014). Finally, it argues Marvell will not be prejudiced. Marvell has articulated in its opening brief the prejudice that will result. D.I. 163. Allowing supplementation will require additional expert discovery, a factual investigation into the state of the art in 1999, which had previously not been at issue, and will deprive Marvell of the opportunity to move for summary judgment on all issues it is entitled to.

For the reasons set forth above and in D.I. 152, at 3-6, and D.I. 163, France Telecom's request to supplement its expert's infringement report should be denied.

DATED: April 22, 2014

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Kevin P.B. Johnson*
Kevin P.B. Johnson (CA Bar No. 177129)
kevinjohnson@quinnemanuel.com
555 Twin Dolphin Drive, 5th floor
Redwood Shores, CA 94065
Tel.: 650-801-5000
Fax.: 650-801-5100

Edward J. DeFranco (CA Bar No. 165596)
eddefranco@quinnemanuel.com
Raymond N. Nimrod (admitted *pro hac vice*)
raynimrod@quinnemanuel.com
Eric Huang (admitted *pro hac vice*)
erichuang@quinnemanuel.com
Krista M. Rycroft (admitted *pro hac vice*)
kristarycroft@quinnemanuel.com
51 Madison Avenue, 22nd floor
New York, NY 10010
Tel.: 212-849-7000
Fax.: 212-849-7100

**Attorneys For Defendant**
**Marvell Semiconductor, Inc.**