FRIED, FRANK, HARRIS, SHRIVER
 & JACOBSON LLP
Elliot E. Polebaum (*pro hac vice*)
 elliot.polebaum@friedfrank.com
Joseph J. LoBue (*pro hac vice*)
 joseph.lobue@friedfrank.com
801 17th Street, NW
Washington, DC  20006
Telephone: (202) 639-7000
Fax: (202) 639-7003

James W. Dabney (*pro hac vice*)
 james.dabney@friedfrank.com
Henry C. Lebowitz (*pro hac vice*)
 henry.lebowitz@friedfrank.com
One New York Plaza
New York, New York 10004-1980
Telephone: (212) 859-8000
Fax: (212) 859-4000

FARELLA BRAUN + MARTEL LLP
Jeffrey M. Fisher (State Bar No. 155284)
 jfisher@fbm.com
Alex Reese (State Bar No. 280530)
 areese@fbm.com
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Plaintiff
FRANCE TELECOM, S.A.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCE TELECOM, S.A.,<br><br>                    Plaintiff,<br><br>     *vs.*<br><br>MARVELL SEMICONDUCTOR, INC.,<br><br>                    Defendant. | Case No. 3:12-cv-4967-WHO<br><br>**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF SUPPLEMENT TO EXPERT DISCLOSURE**<br><br>Judge:     Hon. William H. Orrick |

1    France Telecom has acted diligently and in good faith, its supplemental disclosures cannot
2    surprise or cause prejudice to Marvell, and the contents of those disclosures are not "futile."

3    ### *France Telecom Acted Diligently and Promptly.*   Patent Local Rule infringement
4    contentions provide a direct procedural analogy to the issue here and confirm that an adverse claim
5    construction ruling constitutes good cause.  *Verinata Health, Inc. v Sequenom, Inc.*, No. C 12-865
6    SI, 2014 WL 789197 (N.D. Cal. Feb. 26, 2014) is not to the contrary.  There the court ultimately
7    measured diligence *not* against the time of the other party's disclosure of its contentions, but against
8    *the claim construction order*.  *See id.* at *3.  Under that standard, the defendant was not diligent
9    when it waited three months after the order before attempting to amend its invalidity contentions to
10   assert new prior art.  *See id*.  As *Apple Inc. v. Samsung Elecs. Co.*, No. 12-cv-630-LHK (PSG), 2013
11   WL 3246094 at *5 (N.D. Cal. June 26, 2013) explains, "the decision by the court to adopt a
12   particular construction" provides the point of reference for the good cause inquiry "not because the
13   construction happens to be different but because that difference is material . . . ."

14   Here, Dr. Mitzenmacher originally stated that, in his opinion, the preferred embodiment of
15   the Berrou invention and the 3GPP compliant "turbo coding" implementations both practice
16   encoding steps that are identical to the steps that claim 1 of the Berrou patent describes.  Now with
17   reference to the same objects and comparison, Dr. Mitzenmacher has said that, in his opinion, the
18   preferred embodiment of the Berrou invention and the 3GPP compliant "turbo coding"
19   implementations practice encoding steps that are equivalent to the steps that claim 1 of the Berrou
20   patent, as construed by the court, describe.  France Telecom served its supplemental disclosures
21   promptly following issuance of Claim Construction Order and more than five months before trial.
22   Ordinarily, the claim construction order would have issued before the end of fact discovery and
23   before expert reports were served.

24   ### *There Is Neither Surprise Nor Prejudice to Marvell.*   Since long before the filing of this
25   case, Marvell has known of France Telecom's contention that the Berrou patent is a 3GPP standard
26   essential patent and that the coding method steps prescribed by the 3GPP Standard are *at least* inter-
27   changeable with the coding steps that Marvell 3GPP-compliant chips perform.  Marvell has acted in
28   the face of the Berrou patent and more than 150 years of precedent holding that "the patentee, having

described his invention and shown its principles, and claimed it in that form which most perfectly embodies it, is, in contemplation of law, deemed to claim every form in which his invention may be copied unless he manifests an intention to disclaim some of these forms." *Western Elec. Co. v. La-Rue*, 139 U.S. 601, 606 (1891) (quoting *Winans v. Denmead*, 56 U.S. (15 How) 330, 343 (1854)). *See also Warner-Jenkinson Co. v. Hilton Davis Chem. Co*., 520 U.S. 17, 35 (1997) (citing and quoting *Winans*).

      ***France Telecom's Equivalents Analysis Is Not "Futile".*** Marvel errs in arguing that the proposed supplementation is futile because France Telecom's theory of equivalents would purportedly "vitiate" the "systematic convolutional coding" limitation from claim 1 of the Berrou patent. *Cf. Charles Mach. Works v. Vermeer Mfg. Co.*, 723 F.3d 1376, 1379-81 (Fed. Cir. 2013) (reversing district court "vitiation" ruling); *Brilliant Insts., Inc. v. GuideTech, LLC*, 707 F.3d 1342, 1346-48 (Fed. Cir. 2013) (reversing district court "vitiation" ruling); *Deere & Co. v. Bush Hog, LLC*, 703 F.3d 1349, 1356-57 (Fed. Cir. 2012) (reversing district court "vitiation" ruling). In ***every*** case applying the forward doctrine of equivalents under Federal Circuit precedent, a structure or act is not "literally" described by a claim word or term. *Deere*, 703 F.3d at 1356. But whether a theory of equivalents "vitiates" a claim limitation turns on a fact-bound inquiry as to whether "the ***evidence*** is such that no reasonable jury could determine two elements to be equivalent." *Id.* (emphasis added). "*It is not the construction of the instrument, but the character of the thing invented, which is sought in questions of identity and diversity of inventions.*" *Markman v. Westview Instruments, Inc*., 517 U.S. 370, 385-86 (1996) (quoting *Bischoff v. Wethered,* 76 U.S. (9 Wall.) 812, 815-16 (1870) (emphasis in original in *Markman*)).

      The facts of the recent *Deere* and *Brilliant Instruments* cases are instructive. In *Deere*, the district court had construed the claim language "contact" to require "direct contact" between two surfaces, but the Federal Circuit held that a reasonable jury could nevertheless find that a small spacer connecting the surfaces, which were ***not*** in direct contact, represents an "insubstantial difference" from direct contact. *See* 703 F.3d at 1357. Thus, the trial court erred by finding that vitiation prevented the application of equivalents. *See id*. Similarly, in *Brilliant Instruments,* the district court had construed a claim limitation, which called for a shunt and a capacitor to be "operatively disposed

in parallel" to a first current circuit, to require that current flow through in alternative paths either (a) through the shunt and capacitor or (b) through the first current circuit.  But it was ***reversible error*** for the district court to ignore expert evidence that, when the capacitor was ***structurally part of*** the first current circuit (and thus definitely ***not*** parallel to it), the operation of the accused products was equivalent.  *See* 707 F.3d at 1346.

The concept of "vitiation" is simply inapplicable where, as here, a structure or act is contended to be a ***substitute*** for an element that the claim words literally describe, *see Warner-Jenkinson*, 520 U.S at 29, and one having known interchangeability with a literally described element.  *Cf. Ring & Pinion Serv. Inc. v. ARB Corp.*, 743 F.3d 831, 834 (Fed. Cir. 2014) ("known interchangeability weighs in favor of finding infringement under the doctrine of equivalents") (citing *Warner-Jenkinson*, 520 U.S. at 36).  *See also Brilliant Insts.*, 707 F.3d at 1347.  Dr. Mitzenmacher's proposed supplementation explains that, long before 2006, it was known in the art of the Berrou patent – including from the Berrou patent specification itself – that encoding steps performed by the preferred embodiment of the Berrou invention and the 3GPP-compliant "turbo coding" implementations would have been at least interchangeable with encoding steps that met the legal definition of "systematic convolutional coding" steps that the Court provided on March 12, 2014.  It is not "futile" for France Telecom to present this evidence to the fact finder.  *Cf. Vermeer*, 723 F.3d at 1380-81 (reversing trial court which had discounted expert).

Dated:  April 22, 2014                     FRIED, FRANK, HARRIS, SHRIVER
                                                                   & JACOBSON LLP

By:   /s/  Joseph J. LoBue

Attorneys for Plaintiff
France Telecom, S.A.