UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCE TELECOM S.A.,<br><br>    Plaintiff,<br><br>    v.<br><br>MARVELL SEMICONDUCTOR INC.,<br><br>    Defendant. | Case No. 12-cv-04967-WHO<br><br>**ORDER DENYING PLAINTIFF'S REQUEST TO SUPPLEMENT EXPERT REPORT**<br><br>Re: Dkt. Nos. 164, 165, 167 |

## INTRODUCTION

Plaintiff France Telecom S.A. alleges that several of defendant Marvell Semiconductor Inc.'s products infringe upon Claims 1 and 10 of U.S. Patent No. 5,446,747 ("the '747 patent"). France Telecom seeks leave to supplement the infringement report of its expert in light of my claim construction order, which adopted Marvell's proposed construction of the term at issue. Because France Telecom was aware of the risk that I would adopt Marvell's proposed construction nine months before France Telecom served its expert report, its expert should have fully addressed infringement under Marvell's proposed construction in his original report. France Telecom's request is DENIED as it has not shown good cause for supplementing the report now.[1]

## BACKGROUND

Patent Local Rule 3-1 provides for disclosure of infringement contentions early in a case and streamlines discovery. It is "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006).

---

[1] For good cause shown, the parties' motions to seal are GRANTED. Dkt. Nos. 164, 167.

Patent Local Rule 3-1(c) requires a party claiming patent infringement to serve "[a] chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality . . . ." The party must disclose "[w]hether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality." PATENT L.R. 3-1(e).

France Telecom submitted its Patent Local Rule 3-1 infringement contentions in February 2013. Dkt. No. 72. France Telecom contended that Claims 1 and 10 of the '747 patent are literally infringed by Marvell. *Id*. at ECF page 9. France Telecom also purported to reserve the right to assert a theory of infringement under the doctrine of equivalents, noting:

> To the extent Marvell alleges that any given element of the above-identified claims is not literally present in the accused Marvell products, France Telecom contends that any alleged differences between such claim element and Marvell's accused products are insubstantial. Marvell's accused products perform substantially the same function, in substantially the same way, to yield substantially the same result as the asserted claims, and therefore also infringe under the doctrine of equivalents. France Telecom reserves the right to assert a theory of infringement of any claim under the doctrine of equivalents following claim construction.

*Id*. On May 3, 2013, Judge Nathanael Cousins rejected this "formulaic statement of the doctrine of equivalent infringement" as insufficient under the Local Rules. Dkt. No. 79 at 9-10. Judge Cousins explained that "France Telecom must add facts and specify in what way Marvell's accused products infringe Claims 1 and 10 under the doctrine of equivalents . . . ." *Id*. at 10.

Also on May 3, 2013, the parties exchanged preliminary proposed claim constructions. Dkt. No. 57 (claim construction schedule); Dkt. No. 81-1 (joint claim construction statement). The parties disputed the construction of the term "systematic convolutional coding" from Claim 1 of the '747 patent. France Telecom proposed that no construction was necessary, or if the Court concluded that construction was necessary, that it be construed as "convolutional coding in which the source data elements are transmitted jointly with coded data elements." Dkt. No. 81-1 at 1. In contrast, Marvell proposed that it be construed as "convolutional coding where the output includes both the coded data and the current input data." *Id.*

In response to Judge Cousins's order, on May 10, 2013, France Telecom served amended

1  infringement contentions alleging that Marvell literally infringes and that, should the Court adopt
2  Marvell's proposed construction of "systematic convolutional coding," Marvell still infringes
3  Claim 1 of the '747 patent under the doctrine of equivalents

> because the coding steps of, e.g., Figure 4 of the 3GPP standard and the accused Marvell devices perform substantially the same function (providing $x_k$ along with $z_k$ and $z'_k$ from the 1st and 2nd constituent encoders) in substantially the same way (i.e., implementing the steps to provide $x_k$, $z_k$, and $z'_k$) to achieve substantially the same result (providing $x_k$ along with $z_k$, and $x_k$ along with $z'_k$) as would this claim limitation under Marvell's May 3, 2013 constructions.

9  Dkt. No. 165-2 at 4. The deadline for completing fact discovery passed on January 31, 2014.

10  France Telecom served the infringement report of its expert, Professor Michael Mitzenmacher, on February 14, 2014. Professor Mitzenmacher's report stated that he had "been apprised of the claim constructions offered by both France Telecom and Marvell" and that he agreed with France Telecom's proposed construction of "systematic convolutional coding." Koehl Decl., Ex. 1 ¶¶ 118, 120 (Mitzenmacher infringement report). Professor Mitzenmacher's report stated that "even under Marvell's construction . . . the Marvell products clearly infringe." *Id.* ¶ 120. Professor Mitzenmacher's report went on to describe how, in his opinion, the claim limitations are "met by the Marvell products even with Marvell's construction." *Id.*

18  Marvell contends that Professor Mitzenmacher's report "briefly addressed literal infringement by Marvell's accused chips using Marvell's construction of 'systematic convolutional coding' but *failed* to address literal infringement by the 3GPP standard or infringement under the doctrine of equivalents under Marvell's construction." Marvell brief at 3 (emphasis in original).

23  On March 12, 2014, I construed "systematic convolutional coding" by adopting Marvell's proposed construction: convolutional coding where the output includes both the coded data and the current input data. *See* Claim Construction Order (Dkt. No. 141). Expert discovery closed on March 21, 2014. Dkt. No. 128 at 2.

27  In a joint case management conference statement on April 2, 2014, France Telecom stated that it "intends to supplement its previously served Rule 26(a)(2) expert witness disclosures to

United States District Court
Northern District of California

take account of the Court's rulings in the Claim Construction Order issued March 12, 2014." Dkt. No. 152 at 2. The parties discussed this request at the case management conference on April 9, 2014. Following the conference, I ordered additional briefing on this issue, which the parties provided. *See* Dkt. Nos. 163, 165.

Trial is set for September 15, 2014.

## LEGAL STANDARD

The deadline for filing opening expert reports was set by the Court as January 31, 2014. Dkt. No. 54 at 2. By stipulation of the parties, the deadline was later extended to February 14, 2014. Dkt. No. 128 at 2. Under Federal Rule of Civil Procedure 16(b)(4), a pre-trial schedule "may be modified only for good cause and with the judge's consent." Good cause requires a showing of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Accordingly, lack of prejudice to the party opposing the modification does not establish good cause. As the Ninth Circuit explained, "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id*. If the party seeking modification was not diligent, "the inquiry should end." *Id*. Moreover, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id*.

## DISCUSSION

### I. FRANCE TELECOM MUST SHOW DILIGENCE TO AMEND ITS EXPERT INFRINGEMENT REPORT

**A. Rule 26 does not govern this dispute.**

France Telecom argues that it should be allowed to supplement its expert report after the disclosure deadline if the proposed supplement is "either (1) substantially justified or (2) harmless." France Telecom brief at 2 (citing *Yeti by Molly Ltd. v. Deckers Outdoors Corp.*, 259 F.3d 1101, 1107-08 (9th Cir. 2001)). That standard does not apply to this situation.

The "substantially justified" or "harmless" standard relates to Federal Rule of Civil Procedure 37, which provides that if a party fails to disclose information as required by Rule 26, the party is barred from using that information "unless the failure was substantially justified or is

harmless." FED. R. CIV. P. 37(c)(1). In turn, Rule 26(e), on which France Telecom relies, provides that a party who has made a disclosure under Rule 26(a)—which includes expert reports—"must" supplement its disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1)(A). But Rule 26(e) "do[es] not permit a party to introduce new opinions after the disclosure deadline under the guise of a 'supplement.'" *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010). Otherwise, "preliminary reports could be followed by supplementary reports and there would be no finality to expert reports." *Id*. As one judge in this district explained, "[t]he supplementation requirement of Rule 26(e)(1) is not intended [ ] to permit parties to add new opinions to an expert report based on evidence that was available to them at the time the initial expert report was due." *Toomey v. Nextel Commc'ns, Inc.*, No. 03-cv-2887 MMC, 2004 WL 5512967 (N.D. Cal. Sept. 23, 2004).

In an attempt to frame its request as within the scope Rule 26, France Telecom argues that the proposed supplemental report "does not modify or alter the theories of infringement that France Telecom has already disclosed and will pursue in this case." France Telecom brief at 2. But Professor Mitzenmacher states in his supplemental report that the encoding steps described in Claim 1 of the '747 patent, as I have construed that claim, are "interchangeable" with the encoding steps performed by the accused Marvell products, the method steps illustrated in Figure 1 of the '747 patent, and the encoding steps performed by the accused Marvell products. Koehl Decl., Ex. 2 (Mitzenmacher Proposed Supplemental Infringement Report ¶ 198). That opinion, which appears to assert infringement under the doctrine of equivalents, was not expressed in Professor Mitzenmacher's initial report. It is a new opinion that may not be introduced under Rule 26(e) under the guise of a "supplemental" report. Whether France Telecom's infringement contentions include infringement under the doctrine of equivalents has no bearing on whether Professor Mitzenmacher may supplement his report under Rule 26 to include opinions that were not included in his original report. Under these facts, he may not.

5

### B. Patent Local Rule 3-6 does not support France Telecom's argument.

France Telecom also argues that it should be allowed to supplement Professor Mitzenmacher's infringement report "[g]iven that the Local Patent Rules explicitly contemplate that a party may amend its contentions (and, by extension, a party's expert may supplement his or her disclosures) on the far more significant issue of infringement if the Court adopts 'a claim construction . . . different from that proposed by the party seeking amendment.'" France Telecom brief at 1 (citing Patent L.R. 3-6(a)).

The Patent Local Rules do not weigh in favor of supplementation in this case. Patent Local Rule 3-6 relates to amendment of infringement contentions, not expert reports. But France Telecom is not seeking to amend its infringement contentions. In any event, Patent Local Rule 3-6 provides that amendment of infringement contentions "may be made only by order of the Court upon a timely showing of good cause." Accordingly, assuming that Rule 3-6 applies to this dispute, it requires a showing of good cause.

Patent Local Rule 3-6(a) states that "circumstances that *may*, absent undue prejudice to the non-moving party, support a finding of good cause include . . . [a] claim construction by the Court different from that proposed by the party seeking amendment." PATENT L.R. 3-6(a) (emphasis added). But "the Court's differing claim construction in and of itself does not constitute good cause[;] the moving party must still establish its diligence." *Verinata Health, Inc. v. Sequenom, Inc.*, No. 12-cv-00865 SI, 2014 WL 789197, *2 (N.D. Cal. Feb. 26, 2014) (internal punctuation and citation omitted). If I had developed my own construction, supplementation might be appropriate. But where the court adopts the opposing party's proposed claim construction, the moving party's diligence, without which there is no good cause, is measured from the day the moving party received the proposed constructions, not the date of the issuance of the Court's claim construction opinion. *See, e.g.*, *Cisco Sys., Inc. v. Teleconference Sys., LLC.*, No. 09-cv-01550 JSW (NC), 2012 WL 9337627, at *3 (N.D. Cal. June 11, 2012) ("TS received defendants' proposed construction of the EVG limitation in April 2011; this date marked the beginning of the relevant time period for evaluating TS's diligence because that is when TS first became aware of the risk that the district court could adopt that construction.").

France Telecom received Marvell's proposed constructions on May 3, 2013, including the proposed construction for "systematic convolutional coding," which I ultimately adopted. France Telecom has not shown good cause by waiting nearly a year, until after expert discovery closed, to seek to supplement Professor Mitzenmacher's infringement report.[2] As discussed below, France Telecom offers no reason that the material in Professor Mitzenmacher's proposed supplemental expert could not have been included in his original report.

## II. FRANCE TELECOM HAS NOT SHOWN GOOD CAUSE FOR SUPPLEMENTING MITZENMACHER'S EXPERT REPORT

France Telecom argues that supplementation of Professor Mitzenmacher expert infringement report at this stage—after the close of fact and expert discovery and dispositive motions—is proper because Professor Mitzenmacher "did not have the benefit" of my claim construction order at the time that he wrote his report. But my construction of the claim term at issue—systematic convolutional coding—was not an unforeseen development: I adopted verbatim the construction proposed by Marvell nine months before Professor Mitzenmacher's report. *See* Joint Claim Construction Statement; Claim Construction Order.

France Telecom became aware of the risk that I might adopt Marvell's proposed constructions when France Telecom received those constructions in May 2013. *See Cisco Sys.*, 2012 WL 9337627, at *3. Accordingly, since France Telecom's expert report was due before the claim construction ruling issued, France Telecom had "an obligation to prepare for the fact that the court may adopt the other party's claim construction" by having its expert address infringement under Marvell's proposed constructions. *St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co., Ltd.*, 2012 WL 1015993 (D. Del. Mar. 26, 2012) (citations and internal punctuation omitted), *aff'd,* 522 F. App'x 915 (Fed. Cir. 2013); *see also Rambus, Inc. v. Infineon Techs. AG*, 145 F. Supp. 2d 721, 731–32 (E.D. Va. 2001) (stating that where claim construction hearing was conducted after expert reports were due, "it was incumbent upon

---

[2] On the contrary, France Telecom contends that it was diligent because it sought supplementation *shortly after I issued the claim construction ruling*, apparently conceding that it was not diligent if measured against the time it received the proposed constructions, rather than against the issuance of the claim construction order.

7

Rambus to have Dr. Huber examine Infineon's claim construction and offer alternative opinions on infringement and validity"); *cf. Nike, Inc. v. Adidas Am., Inc.*, 479 F. Supp. 2d 664, 667-68 (E.D. Tex. 2007) ("A party cannot argue that because its precise proposal for a construction of a claim term is not adopted by the court, it is surprised and must prepare new infringement contentions.").

France Telecom does not appear to dispute that parties have an obligation to prepare for alternative constructions of the claim terms at issue. Indeed, France Telecom's infringement contentions claimed that Marvell infringes even under Marvell's proposed construction of "systematic convolutional coding." Professor Mitzenmacher's report likewise addressed infringement under Marvell's proposed construction of "systematic convolutional coding," though evidently only under a theory of literal infringement. Whether deliberate or inadvertent, France Telecom cannot rectify Professor Mitzenmacher's apparent failure to address infringement under the doctrine of equivalents under the guise of "supplementing" his expert opinion. Professor Mitzenmacher was deposed regarding the theory of infringement disclosed in his report. He confirmed that the report "contains my analysis under Marvell's proposed construction." Marvell brief, Ex. C. Since I adopted Marvell's proposed construction, France Telecom has no justification for supplementing Professor Mitzenmacher's report now.[3] Holding otherwise would encourage parties to ignore opposing parties' proposed constructions until the Court issues a claim construction ruling adopting the opposing parties' constructions, necessitating reopening fact and expert discovery and dispositive motion deadlines.

### III. ALLOWING SUPPLEMENTATION WOULD PREJUDICE MARVELL

While France Telecom's lack of diligence alone is sufficient grounds to deny its request to supplement Professor Mitzenmacher's report, prejudice to Marvell provides an additional ground

---

[3] Marvell contends that "it was not unreasonable for Dr. Mitzenmacher to base the opinions of his Original Report on his understanding of Claim 1 of the '747 Patent when the Court's construction—*and analysis of Figure 1*—was not then available." Marvell brief at 5 (emphasis added). But even assuming that my "analysis of Figure 1" has any bearing on the infringement analysis separate from how that analysis informed my claim construction, France Telecom has not explained how that analysis required Professor Mitzenmacher to supplement his report.

for denial. *See, e.g.*, *Johnson*, 975 F.2d at 609 ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."). Allowing supplementation will prejudice Marvell because allowing Professor Mitzenmacher to present the doctrine of equivalents theory requires further expert discovery, including a follow-up deposition to explore the bases for Professor Mitzenmacher's new opinion and a rebuttal report by Marvell's own expert. France Telecom minimizes the impact of its request, but supplementation may also require reopening fact discovery to investigate the state of the art at the time and the knowledge of persons skilled in the art. In addition, as the deadline for dispositive motions has passed, Marvell would not have the opportunity to move for summary judgment on Professor Mitzenmacher's new theory, unless I moved the trial date. For these further reasons, I decline to allow France Telecom to supplement its expert's report.

## CONCLUSION

France Telecom's request to file a supplemental expert infringement report of Professor Mitzenmacher is DENIED. The parties' motions to file under seal (Dkt. Nos. 164, 167) are GRANTED.

**IT IS SO ORDERED**.

Dated: May 12, 2014

WILLIAM H. ORRICK
United States District Judge