United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCE TELECOM S.A., <br>     Plaintiff, <br>     v. <br> MARVELL SEMICONDUCTOR INC., <br>     Defendant. | Case No. 12-cv-04967-WHO <br><br> **ORDER REGARDING TENTATIVE VERDICT FORM** <br> Re: Dkt. Nos. 181, 182 |

The parties have filed proposed verdict forms. Dkt. Nos. 181, 182. Having considered those proposals, and subject to arguments presented at the final pretrial conference, the Court tentatively adopts the following verdict form.

**VERDICT FORM**

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions.  Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case.

**FINDINGS ON INFRINGEMENT CLAIMS[1]**

(The questions regarding infringement should be answered regardless of your findings with respect to the validity or invalidity of the patent.)

**A.  Direct Infringement[2]**

1.  Has France Telecom proven that it is more likely than not that Marvell Semiconductor, while acting within the United States, used a method that was identical to the method described in claim 1 of the '747 patent?

Yes _____ (for France Telecom)          No _____ (for Marvell Semiconductor)

---

[1] France Telecom's proposed special interrogatories regarding products that embody the accused method are not warranted since, as discussed in my order on the parties' motions *in limine*, a method patent is not infringed by the mere sale of a product that "substantially embodies" that method.

[2] Marvell's proposed verdict form requires the jury to answer infringement questions with regard to each of 31 different accused products.  That is unnecessary as the jury is presumed to have made the necessary underlying factual determinations to support a general verdict.  *See, e.g., SynQor, Inc. v. Artesyn Technologies, Inc.*, 2011 WL 3625036 (E.D. Tex. Aug. 17, 2011) (rejecting argument that verdict form was deficient where it did not separately address the accused products) *aff'd,* 709 F.3d 1365 (Fed. Cir. 2013); *cf Agrizap, Inc. v. Woodstream Corp.*, 520 F.3d 1337, 1343 (Fed. Cir. 2008) ("when the jury is given an essentially black box verdict form—that is, a form that merely asks the jury to answer "yes" or "no" as to whether a claim is obvious, such as was done in this case[3]—we presume all factual disputes were resolved in favor of the verdict.").

2. Has France Telecom proven that it is more likely than not that Marvell Semiconductor, while acting within the United States, used a method that was identical to the method described in claim 10 of the '747 patent?

Yes _____ (for France Telecom)        No _____ (for Marvell Semiconductor)

**B. Inducing Infringement**

3. Has France Telecom proven that it is more likely than not: (i) that a third party infringed claim 1 of the '747 patent; (ii) that Marvell Semiconductor took action that actually induced that infringement by the third party; and (iii) that Marvell Semiconductor was aware of the patent and believed that its actions would encourage infringement of a valid patent, or alternatively that it was willfully blind as to whether its actions would encourage infringement of the patent?

Yes _____ (for France Telecom)        No _____ (for Marvell Semiconductor)

4. Has France Telecom proven that it is more likely than not: (i) that a third party infringed claim 10 of the '747 patent; (ii) that Marvell Semiconductor took action that actually induced that infringement by the third party; and (iii) that Marvell Semiconductor was aware of the patent and believed that its actions would encourage infringement of a valid patent, or alternatively that it was willfully blind as to whether its actions would encourage infringement of the patent?

Yes _____ (for France Telecom)        No _____ (for Marvell Semiconductor)

**C. Contributory Infringement**

5. Has France Telecom proven that it is more likely than not: (i) that a third party infringed claim 1 of the '747 patent; (ii) that Marvell Semiconductor supplied an important component of the infringing part of the accused method; (iii) that the component was not a common component suitable for non-infringing use; and (iv) that Marvell Semiconductor supplied the component with knowledge of the '747 patent and knowledge that the component was especially made or adapted for use in an infringing manner?

Yes _____ (for France Telecom)        No _____ (for Marvell Semiconductor)

6. Has France Telecom proven that it is more likely than not: (i) that a third party infringed claim 10 of the '747 patent; (ii) that Marvell Semiconductor supplied an important component of the infringing part of the accused method; (iii) that the component was not a

3

common component suitable for non-infringing use; and (iv) that Marvell Semiconductor supplied the component with knowledge of the '747 patent and knowledge that the component was especially made or adapted for use in an infringing manner?

Yes _____ (for France Telecom)          No _____ (for Marvell Semiconductor)

**D. Willful Infringement**

    7.

        (a)    Has France Telecom proven that it is highly probable from an objective point of view that the defenses put forth by Marvell Semiconductor failed to raise any substantial question with regard to infringement, validity or enforceability of the patent claim?

Yes _____ (for France Telecom)          No _____ (for Marvell Semiconductor)

[If the answer to question (a) is "yes," answer question 7(b). If your answer to question 7(a) is "no," go to question 8.]

        (b)    Has France Telecom proven that it is highly probable that Marvell Semiconductor actually knew, or it was so obvious that Marvell Semiconductor should have known, that its actions constituted infringement of a valid and enforceable patent?

Yes _____ (for France Telecom)          No _____ (for Marvell Semiconductor)

4

## FINDINGS ON INVALIDITY CLAIMS

(The questions regarding invalidity should be answered regardless of your findings with respect to infringement.)

### E.  Obviousness

8.  Has Marvell Semiconductor proven that it is highly probable that claim 1 of the '747 patent would have been obvious to a person of ordinary skill in the art at the time the application was filed?

Yes \_\_\_\_\_ (for Marvell Semiconductor)          No \_\_\_\_\_ (for France Telecom)

9.  Has Marvell Semiconductor proven that it is highly probable that claim 10 of the '747 patent would have been obvious to a person of ordinary skill in the art at the time the application was filed?

Yes \_\_\_\_\_ (for Marvell Semiconductor)          No \_\_\_\_\_ (for France Telecom)

### F.  Written Description Requirement

10. Has Marvell Semiconductor proven that it is highly probable that the specification of the '747 patent does not contain an adequate written description of the method claimed in claim 1?

Yes \_\_\_\_\_ (for Marvell Semiconductor)          No \_\_\_\_\_ (for France Telecom)

11. Has Marvell Semiconductor proven that it is highly probable that the specification of the '747 patent does not contain an adequate written description of the method claimed in claim 10?

Yes \_\_\_\_\_ (for Marvell Semiconductor)          No \_\_\_\_\_ (for France Telecom)

### G.  Enablement

12. Has Marvell Semiconductor proven that it is highly probable that the specification of the '747 patent does not contain a description of the invention claimed in claim 1 that is sufficiently full and clear to enable persons of ordinary skill in the art to make and use the invention?

Yes _____ (for Marvell Semiconductor)        No _____ (for France Telecom)

13. Has Marvell Semiconductor proven that it is highly probable that the specification of the '747 patent does not contain a description of the invention claimed in claim 10 that is sufficiently full and clear to enable persons of ordinary skill in the art to make and use the invention?

Yes _____ (for Marvell Semiconductor)        No _____ (for France Telecom)

**H. Inventorship**

14. Has Marvell Semiconductor proven that it is highly probable that the '747 patent fails to meet the requirement to name all actual inventors of the invention claimed in claim 1?

Yes _____ (for Marvell Semiconductor)        No _____ (for France Telecom)

15. Has Marvell Semiconductor proven that it is highly probable that the '747 patent fails to meet the requirement to name all actual inventors of the invention claimed in claim 10?

Yes _____ (for Marvell Semiconductor)        No _____ (for France Telecom)

# FINDINGS ON DAMAGES

If you answered question 1, 2, 3, 4, 5, or 6 "yes" and questions 8, 9, 10, 11, 12, 13, 14, 15 "no," proceed to answer the remaining questions. If you did not so answer, do not answer the remaining questions and proceed to check and sign the verdict form.

### I. Reasonable royalty

16. What amount has France Telecom proven that it is more likely than not entitled to as a reasonable royalty?

    (a)    $_____ one-time lump sum payment, **or**

    (b)    $_____ per chip for _____ number of accused products.

### J. Laches

17. Do you find that it is more likely than not that France Telecom is not entitled to recover damages from before its filing of this lawsuit on June 26, 2012 because France Telecom unreasonably delayed filing the lawsuit after it knew our should have known of Marvell Semiconductor's alleged infringement, leading to economic and/or evidentiary prejudice to Marvell Semiconductor?  Your decision regarding this question may prevent France Telecom from collecting damages from before its filing of this lawsuit.

Yes _____ (for Marvell Semiconductor)        No _____ (for France Telecom)

---

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the Security Guard that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

Have the presiding juror sign and date this form.

Signed:_____        Date:_____

                                                      PRESIDING JUROR

**IT IS SO ORDERED**.

Dated: September 11, 2014



WILLIAM H. ORRICK
United States District Judge

8