UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCE TELECOM S.A., <br>     Plaintiff, <br>     v. <br> MARVELL SEMICONDUCTOR INC., <br>     Defendant. | Case No. 12-cv-04967-WHO <br><br> **ORDER REGARDING ADMISSIBILITY OF FRANCE TELECOM NON-3G LICENSES** <br><br> Re: Dkt. Nos. 250, 252 |

On September 16, 2014, the parties fervently argued about the introduction of France Telecom's non-3G licenses. *See* Dkt. Nos. 250, 252. In many ways, this was the inverse of their arguments in the discovery dispute before Judge Cousins, where Marvell insisted that France Telecom would rely on the non-3G licenses as proof of non-obviousness and France Telecom unequivocally stated that those licenses were not relevant. *See* Dkt. No. 108 (parties' joint discovery letter). Since Judge Cousins required that the licenses be produced but not the "associated documents" sought in Marvell's overbroad request, Dkt. No. 110, and since Marvell did not object to the related demonstrative when it was exchanged in July, I will allow France Telecom to make limited use of the non-3G licenses as described below.

France Telecom will be permitted to introduce the non-3G licenses and to provide evidence to establish the fact of the licenses having been executed. But France Telecom's evidence and argument regarding the non-3G licenses shall be limited to issues of invalidity.[1] France Telecom argues that third parties' willingness to license the non-3G licenses tends to rebut Marvell's invalidity contentions and render them less probable. Whether the non-3G licenses in

---

[1] France Telecom's brief does not argue that the non-3G licenses are relevant to willfulness or damages.

fact rebut Marvell's invalidity contentions remains to be seen.

Moreover, France Telecom may not introduce testimony regarding *why* the non-3G licenses were entered into or comparing the value of the '747 patent to other licensed patents, including, for example, testimony that the '747 patent dominates over the other patents licensed in the non-3G licenses or that claim 1 of the '747 patent dominates over the other claims in the '747 patent or over the other patents in the non-3G licenses. To the extent that the licenses themselves state why they were entered into or which patents or patent claims they cover, the licenses speak for themselves.

In order to safeguard against the jury considering the non-3G licenses in its damages assessments, Marvell is free to elicit, on direct and cross-examination of the expert witnesses, testimony that the non-3G licenses are *not* relevant to the reasonable royalty analysis, notwithstanding that France Telecom may not introduce evidence tying the non-3G licenses to its damages contentions.

France Telecom may use the demonstrative at issue in its opening statement so long as its description of it is consistent with this Order limiting its use to the invalidity issue.

**IT IS SO ORDERED**.

Dated: September 16, 2014



WILLIAM H. ORRICK
United States District Judge