UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCE TELECOM S.A.,<br><br>    Plaintiff,<br><br>    v.<br><br>MARVELL SEMICONDUCTOR INC.,<br><br>    Defendant. | Case No.  12-cv-04967-WHO<br><br>**ORDER REGARDING ADMISSIBILITY OF RULE 408 DOCUMENTS**<br><br>Re: Dkt. Nos. 241, 249 |

The parties have filed briefs regarding the admissibility of various documents purportedly subject to Federal Rule of Evidence 408. *See* Dkt. Nos. 241, 249. As I stated this morning, the documents at issue are subject to Rule 408. They may therefore not be admitted to "prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408(a). The documents may, however, be admitted for other purposes, including "negating a contention of undue delay." Fed. R. Evid. 408(b).

The documents may be admitted to show the existence of discussions between the parties. The jury is entitled to know that France Telecom notified Marvell in August 2008 that it believed that Marvell was infringing the '747 patent and that the parties negotiated thereafter prior to suit. This evidence is relevant for France Telecom to rebut Marvell's laches defense, is relevant to France Telecom's willfulness allegation, and is appropriately admitted under Rule 408. However, the substance of the discussions, including proposed terms and the parties' respective positions, may not be admitted. Such evidence relates to the validity or amount of France Telecom's infringement claim and is not admissible under Rule 408.

Accordingly, France Telecom may not present evidence of the specific terms the parties discussed, including through its expert witnesses. Nor may France Telecom introduce evidence of

1 Marvell's positions in the discussions, including whether it owed France Telecom money or did or
2 did not question the validity of the '747 patent.  *Cf Eid v. Saint-Gobain Abrasives, Inc.*, 377 F.
3 App'x 438, 444 (6th Cir. 2010) (letter which revealed defendant's position that it was not liable
4 was properly excluded under Rule 408).  France Telecom is also precluded from introducing
5 evidence regarding the claim charts comparing the '747 patent to various specifications,
6 exchanged as part of the discussions.  Those claim charts would also be excluded under Rule 403
7 as more prejudicial than probative in light of the Court's claim construction.

8 The parties shall meet and confer to redact the exhibits at issue consistent with the
9 guidance set forth above.  Evidence describing the timing and general existence of discussions is
10 admissible, but evidence regarding the proposed terms and the parties' respective positions is not.
11 I expect that the parties will be able to agree on appropriate redactions.  However, in the
12 unfortunate event that they are not, the parties shall bring the matter to my attention before the
13 witness sponsoring the exhibits at issue takes the stand.

14 **IT IS SO ORDERED**.

15 Dated: September 17, 2014



WILLIAM H. ORRICK
United States District Judge