UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCE TELECOM S.A., <br><br> Plaintiff, <br><br> v. <br><br> MARVELL SEMICONDUCTOR INC., <br><br> Defendant. | Case No. 12-cv-04967-WHO <br><br> **VERDICT FORM** |

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case.

## FINDINGS ON INFRINGEMENT CLAIMS

(The questions regarding infringement should be answered regardless of your findings with respect to the validity or invalidity of the patent.)

### Direct Infringement

1. Has France Telecom proven that it is more likely than not that Marvell Semiconductor, while acting within the United States, used a method that includes each and every requirement of Claim 1 of the '747 patent?

Yes  ✓  (for France Telecom)     No _____ (for Marvell Semiconductor)

### Inducing Infringement

2. Has France Telecom proven that it is more likely than not: (i) that a third party infringed claim 1 of the '747 patent; (ii) that Marvell Semiconductor took action that actually induced that infringement by the third party; and (iii) that Marvell Semiconductor was aware of the patent and believed that its actions would encourage infringement of a valid patent, or alternatively that it was willfully blind as to whether its actions would encourage infringement of the patent?

Yes _____ (for France Telecom)     No  ✓  (for Marvell Semiconductor)

### Contributory Infringement

3. Has France Telecom proven that it is more likely than not: (i) that a third party infringed claim 1 of the '747 patent; (ii) that Marvell Semiconductor supplied an important component of the infringing part of the accused method; (iii) that the component was not a common component suitable for non-infringing use; and (iv) that Marvell Semiconductor supplied the component with knowledge of the '747 patent and knowledge that the component was especially made or adapted for use in an infringing manner?

Yes _____ (for France Telecom)     No  ✓  (for Marvell Semiconductor)

### Willful Infringement

4.

    (a) Has France Telecom proven that it is highly probable from an objective point of view that the defenses put forth by Marvell Semiconductor failed to raise any substantial question with regard to infringement, validity or enforceability of the patent claim?

2

Yes _____ (for France Telecom)      No ✓ (for Marvell Semiconductor)

[If the answer to question 4(a) is "yes," answer question 4(b). If your answer to question 4(a) is "no," go to question 5.]

    (b)    Has France Telecom proven that it is highly probable that Marvell Semiconductor actually knew, or it was so obvious that Marvell Semiconductor should have known, that its actions constituted infringement of a valid and enforceable patent?

Yes _____ (for France Telecom)      No _____ (for Marvell Semiconductor)

## FINDINGS ON INVALIDITY CLAIMS

(The questions regarding invalidity should be answered regardless of your findings with respect to infringement.)

**Obviousness**

5.    Has Marvell Semiconductor proven that it is highly probable that claim 1 of the '747 patent would have been obvious to a person of ordinary skill in the art at the time the application was filed?

Yes _____ (for Marvell Semiconductor)      No ✓ (for France Telecom)

**Inventorship**

6.    Has Marvell Semiconductor proven that it is highly probable that the '747 patent fails to meet the requirement to name all actual inventors of the invention claimed in claim 1?

Yes _____ (for Marvell Semiconductor)      No ✓ (for France Telecom)

3

# FINDINGS ON DAMAGES

If you answered question 1, 2, or 3 "yes" and questions 5 and 6 "no," proceed to answer the remaining questions. Otherwise, do not answer the remaining questions. Instead, review and sign the verdict form.

**Reasonable Royalty**

7. What amount has France Telecom proven that it is more likely than not entitled to as a reasonable royalty?

(a) $__1.7 million__ one-time lump sum payment, **or**

(b) $_____ per chip for the following number of accused products: _____

___

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the Security Guard that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

Have the presiding juror sign and date this form.
Signed: __Cindy Lee__    Date: __9/30/14__

PRESIDING JUROR

4