UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCE TELECOM S.A.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARVELL SEMICONDUCTOR INC.,<br><br>　　　　Defendant. | Case No. 12-cv-04967-WHO<br><br>**ORDER REGARDING PARTIES' AND THIRD-PARTIES' REQUEST TO SEAL MOTIONS REGARDING TRIAL EVIDENCE AND TRIAL TESTIMONY** |

## INTRODUCTION

Plaintiff France Telecom and defendant Marvell Semiconductor have filed several motions to seal material filed in connection with motions to exclude evidence at trial. *See* Dkt. Nos. 189, 196, 200, 218, 221, 240, 252, 261, 273, 278, 283, 297, and 304. Third parties Nokia and AT&T likewise request that certain confidential financial and technical information relating to them be sealed. Dkt. Nos. 226 (AT&T), 309 (Nokia). Finally, Marvell requests that the Court seal portions of the trial transcripts that contain confidential sales data of third-party Blackberry/ Research In Motion. Dkt. No. 301. I discuss the requests in turn.

## LEGAL STANDARD

Courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted).

A showing of "good cause" is sufficient to seal documents attached to non-dispositive motions." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119

(9th Cir. 2012). In contrast, because a trial is "at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events," a party seeking to seal evidence at trial must articulate "compelling reasons" in favor of sealing. *Kamakana,* 447 F.3d at 1178-79. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598. The Ninth Circuit has stated that "pricing terms, royalty rates, and guaranteed minimum payment terms" plainly fall within the definition of "trade secrets" for purposes of sealing motions." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008).

Motions regarding the admissibility of evidence at trial, such as motions *in limine* and *Daubert* motions, are generally analyzed under the "good cause" standard, notwithstanding that they relate to the admissibility of evidence at trial. *See, e.g., Apple Inc. v. Samsung Electronics Co.*, 727 F.3d 1214, 1222-23 (Fed. Cir. 2013) ("we are not aware of any Ninth Circuit precedent applying the 'compelling reasons' standard to non-dispositive motions regarding the admissibility of evidence at trial. The district court's reasoning—that the admissibility of evidence was a closely contested issue—does not justify departure from the Ninth Circuit's general rule").

## DISCUSSION

### I. THE PARTIES' MOTIONS TO SEAL

The parties seek to seek the following material:

- **Dkt. Nos. 189, 196:** Marvell seeks to seal documents filed in connection its *Daubert* motion to exclude testimony of Professor Cornell. A redacted version of the *Daubert* motion has been filed and is available to the public at docket number 189-11. France Telecom seeks to seal portions of its opposition to Marvell's *Daubert* motion. A redacted version of the opposition has been filed and is available to the public at docket number 196-3.

- **Dkt. No. 200:** France Telecom seeks to seal documents submitted in connection with its opposition to Marvell's motions *in limine*. The documents contain information describing the internal operation of Marvell's communication processors, the source code for Marvell's accused products, Marvell's internal testing policies, and purchase orders and commercial invoices that contain Marvell's confidential pricing and shipping terms.

2

- **Dkt. No. 218:** France Telecom seeks to seal declarations filed in support of its motion for confidential treatment of certain documents at trial. The declarations at issue discuss the terms of France Telecom's licenses. The declarations themselves have no bearing on any issue discussed at trial.

- **Dkt. No. 221:** Marvell seeks to prospectively seal hundreds of exhibits identified as potential trial exhibits by France Telecom. The exhibits contain (i) source and hardware code; (ii) non-public financial information; (iii) market research and planning/strategy documents; (iv) joint development agreements; (v) technical documents; and (vii) third party documents produced under protective order. The exhibits themselves were not attached to the motion and many of them were never introduced at trial.

- **Dkt. No. 240:** Marvell seeks to seal documents filed in connection with its motion to exclude Rule 408 evidence. A redacted version of the motion to exclude Rule 408 evidence has been filed and is available to the public at docket number 240-3. The documents at issue contain material inadmissible under Federal Rule of Evidence 408.

- **Dkt. No. 252:** Marvell seeks to seal documents filed in connection with its motion to exclude Non-3G Licensing Evidence. A redacted version of the motion to exclude Non-3G Licensing Evidence has been filed and is available to the public at docket number 252-3.

- **Dkt. No. 261:** France Telecom seeks to seal certain exhibits submitted in support of its motion to preclude lay witnesses from offering improper expert testimony at trial. The motion to preclude lay witnesses from offering improper expert testimony at trial is available to the public at docket number 260. The exhibits at issue contain Marvell's proprietary technical information, including hardware description language source code.

- **Dkt. Nos. 273, 278:** Marvell seeks to seal certain exhibits filed in connection with its motion to preclude France Telecom from presenting undisclosed damages and documents. The motion to preclude is publicly-accessible at docket number 272. France Telecom seeks to seal certain exhibits filed in connection with its opposition to the motion to preclude. A redacted version of the opposition has been filed and is available to the public at docket number 278-3. The documents at issue contain Marvell's confidential sales and pricing information.

- **Dkt. No. 283:** Marvell seeks to seal documents filed in connection with its opposition to France Telecom's Motion to Preclude Impermissible Trial Testimony. The documents at issue contain Marvell's confidential sales and pricing information. Marvell's opposition to the motion to preclude is available to the public at docket number 281.

- **Dkt. Nos. 297, 304:** Marvell seeks to seal documents filed in connection with its Motion to Strike Exhibits Containing Foreign Nonparty Sales. Marvell's motion to strike is available to the public at docket number 296. France Telecom seeks to seal portions of its opposition to Marvell's motion to strike. A redacted version of the opposition has been filed and is available to the public at docket number 304-3. The documents at issue contain Marvell's confidential sales and pricing information.

The requests above relate to material filed in connection with motions regarding the admissibility of evidence at trial; the requests do not seek to seal the evidence actually introduced at trial. The "good cause" standard, rather than the "compelling reasons" standard, therefore governs these requests. *See, e.g., Apple*, 727 F.3d at 1222-23.

With the exception of the motion at docket number 221, the parties have established good cause for sealing the material discussed above. The information contains trade secrets, including terms of confidential licensing agreements and negotiations, confidential sales and pricing data, and proprietary source code and other technical information. In contrast, the public interest in access to this information is minimal as the information is not necessary to the public's understanding of the ultimate issues in this trial. The documents also contain material which was excluded at trial, such as the Rule 408 communications. There is no significant public interest in access to that material. *See, e.g., Apple*, 727 F.3d at 1222-23 ("evidence which a trial court rules inadmissible—either as irrelevant or inappropriate-seems particularly unnecessary to the public's understanding of the court's judgment"). The motions to seal at docket numbers 189, 196, 200, 218, 240, 252, 261, 273, 278, 283, 297, and 304 are GRANTED.

In docket number 221, Marvell sought to prospectively seal hundreds of exhibits identified as potential trial exhibits by France Telecom. The exhibits contain (i) source and hardware code; (ii) non-public financial information; (iii) market research and planning/strategy documents; (iv) joint development agreements; (v) technical documents; and (vii) third party documents produced under protective order. The exhibits themselves were not attached to the motion and many of them were never introduced at trial. The motion, as filed, is DENIED AS MOOT. To the extent that the exhibits were actually introduced at trial, Marvell shall file a further motion to seal identifying the exhibits at issue, stating why compelling reasons exist to seal them, and file redacted versions of the exhibits at issue on the publicly-accessible docket.

## II.   THIRD-PARTY REQUESTS FOR CONFIDENTIAL TREATMENT

Third-party Nokia "requests sealing of any portion of the trial transcript and any exhibit in the record (including any demonstrative) that references any financial term associated with Nokia's license agreement with France Telecom." Dkt. No. 309. The information at issue—terms

of a license agreement—constitutes trade secrets and is properly sealed. *See, e.g., In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (directing district court to seal trial exhibit where the information at issue—pricing terms, royalty rates, and guaranteed minimum payment terms in a licensing agreement—"plainly falls within the definition of 'trade secrets'"). Nokia's motion is GRANTED. The Court will REDACT references to any term associated with Nokia's license agreement with France Telecom from the trial transcript. Trial exhibit 41 (Nokia's license agreement with France Telecom) is ordered SEALED.

Third-party AT&T Mobility LLC has requested that an AT&T document entitled Device Requirements (Trial Exhibit 539), which describes technical details for the operation of devices operating on AT&T's network, be sealed. Dkt. No. 226. The document at issue was never introduced at trial. AT&T's motion is DENIED AS MOOT.

Marvell requests that the Court seal portions of the trial transcripts that contain confidential sales data of third-party Blackberry/Research In Motion. Dkt. No. 301. Marvell submitted proposed redactions at docket numbers 301-4 and 301-5. The non-public sales information at issue is among the types of competitively sensitive information that qualifies as a trade secret and is properly sealed at trial. *See, e.g., Apple*, 727 F.3d at 1221.

## CONCLUSION

The parties' motions to seal at docket numbers 189, 196, 200, 218, 240, 252, 261, 273, 278, 283, 297, and 304 are GRANTED. Marvell's motion to seal at docket number 221 is DENIED AS MOOT. To the extent that the exhibits referenced in that motion were actually introduced at trial, Marvell shall, within seven days of this order, file a further motion to seal identifying the exhibits at issue, stating why compelling reasons exist to seal them, and file redacted versions of the exhibits at issue on the publicly-accessible docket.

Nokia's motion to seal at docket number 309 is GRANTED. The Court will REDACT references to any term associated with Nokia's license agreement with France Telecom from the trial transcript. Trial exhibit 41 (Nokia's license agreement with France Telecom) is ordered SEALED.

AT&T Mobility LLC's motion to seal is DENIED AS MOOT as the document at issue

was never introduced at trial.  Dkt. No. 226.

Marvell's request to redact portions of the trial transcripts relating to sales data of Blackberry/Research In Motion, as proposed in docket numbers 301-4 and 301-5, is GRANTED. Dkt. No. 301.  The Court will REDACT the proposed portions.

**If either party wishes to seal an exhibit introduced at trial which is not otherwise addressed above, the parties shall move the Court to do so within 7 days of this order.**

**IT IS SO ORDERED**.

Dated: October 3, 2014



WILLIAM H. ORRICK
United States District Judge