UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCE TELECOM S.A.,<br><br>    Plaintiff,<br><br>    v.<br><br>MARVELL SEMICONDUCTOR INC.,<br><br>    Defendant. | Case No. 12-cv-04967-WHO<br><br>**ORDER DENYING DEFENDANT MARVELL SEMICONDUCTOR'S MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 377 |

## INTRODUCTION

Plaintiff France Telecom, S.A. sued defendant Marvell Semiconductor, Inc. for direct and indirect patent infringement. The jury found Marvell liable for direct infringement, but not indirect infringement. I subsequently granted Marvell's post-trial motion for a directed verdict of no direct infringement because there was no proof that Marvell used the patented method in the United States. Marvell argues that this case is exceptional and moves for attorney's fees. Marvell's motion is DENIED. Considering the totality of the circumstances, this case does not stand out from others with respect to the substantive strength of France Telecom's litigation position or the manner in which the case was litigated.

## BACKGROUND

France Telecom owns U.S. Patent 5,446,747 ("the '747 patent"), which discloses a method for correcting errors in telecommunication and other data transmissions, commonly referred to as turbo coding. In June 2012, France Telecom filed an infringement lawsuit alleging that Marvell manufactures communications processors (chips) that use the method disclosed in the '747 patent. Dkt. No. 1. France Telecom alleged that the accused chips are specially adapted for use in communications devices and that use of the patented method is essential for using those devices to

transmit or receive data on 3G networks.

On April 14, 2014, I granted Marvell's motion for partial summary judgment, precluding damages based on sales of the accused chips outside the United States by Marvell's non-party affiliate, Marvel Asia Pte. Ltd. ("MAPL"). Dkt. No. 159. I also denied Marvell's motion for summary judgment of invalidity for failure to claim patent-eligible subject matter. *Id*.

Trial was held from September 16, 2014 to September 30, 2014. The jury found Marvell liable for direct infringement, but not liable for indirect infringement (contributory or induced infringement) or willful infringement. Dkt. No. 320. The jury rejected Marvell's invalidity defenses and awarded France Telecom $1.7 million in damages. *Id.*

After the verdict, I granted Marvell's motion for judgment as matter of law of no direct infringement because France Telecom did not prove that Marvell used the accused method in the United States. Dkt. No. 369 at 3. I denied Marvell's motion for judgment of invalidity for failure to recite patent-eligible subject matter. I also denied a motion by France Telecom for a new trial on the issues of willfulness, induced infringement, and damages.

On April 15, 2015, Marvell filed the present motion for attorney's fees, seeking fees incurred from the date of its partial summary judgment onward.[1] Dkt. No. 377. I heard oral argument on June 17, 2015.

## LEGAL STANDARD

Under the Patent Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An "exceptional" case is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). "[D]istrict courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* While there is no precise rule

---

[1] Marvell requests leave to reserve its submission regarding the amount of fees it seeks until after I determine whether attorney's fees are warranted.

1   or formula for finding a case exceptional, the Supreme Court has identified a non-exclusive list of
2   factors a district court may consider in evaluating whether a case is exceptional, including
3   "frivolousness, motivation, objective unreasonableness (both in the factual and legal components
4   of the case) and the need in particular circumstances to advance considerations of compensation
5   and deterrence." *Id.* at 1756 n.6.

## DISCUSSION

Marvell argues that this case is exceptional because France Telecom (i) proceeded to trial without any evidence that Marvel used the patented method in the United States despite the summary judgment order which held that Marvell could not be liable for sales by its non-party affiliates and (ii) engaged in unreasonable litigation tactics, including relitigating matters already resolved. Having considered the nonexclusive factors suggested by the Supreme Court, I determine that this case is not exceptional and Marvell is not entitled to attorney's fees.

## I.     THE SUBSTANTIVE STRENGTH OF FRANCE TELECOM'S POSITION

Marvell seeks fees incurred since the April 14, 2014 summary judgment order, arguing that, from that moment, France Telecom's position lacked substantive strength because it knew that it could not rely on acts performed by Marvell's non-party affiliates to prove direct infringement, yet lacked evidence that Marvell itself used the patented method in the United States.

I disagree. The summary judgment order meant that France Telecom could not rely on MAPL's sales to prove infringement, not that France Telecom's infringement claims were frivolous or objectively unreasonable. Notably, the jury found that Marvell's chips practiced the patented method and I subsequently determined that there was sufficient evidence to support that finding. Dkt. No. 369 at 12-17. Other major 3G chip suppliers executed licensing agreements with and paid substantial sums to France Telecom covering use of the '747 patent, further demonstrating that France Telecom's position was not exceptional. *Cf. Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1303 (Fed. Cir. 2004) ("Q–Pharma reasonably believed its patent to be valid in light of . . . the licenses that several companies took under the patent"). France Telecom's failure to prove that Marvell was the entity that used the method in the United States

3

cost it the verdict and highlighted weaknesses in that claim, but a weak claim does not render a case exceptional. *Cf. EON Corp.IP Holdings LLC v. Cisco Sys. Inc*, No. 12-cv-01011-JST, 2014 WL 3726170, at *5 (N.D. Cal. July 25, 2014) ("the Court agrees that EON's infringement contentions lack merit. But that by itself is not enough to render a case 'extraordinary.'").[2]

Moreover, France Telecom had colorable indirect infringement claims based on evidence of possible direct infringement by millions of end-users that used Marvell's accused chips in the United States and by Marvell's non-party affiliate, Marvell Israel, that used the accused method in the United States. As a consequence, this matter would have proceeded to trial even without the direct infringement claim. The jury ultimately found Marvell not liable for indirect infringement, but that does not make the claim unreasonable. *See Octane Fitness*, 134 S. Ct. at 1753 (attorney's fees are not penalties for failure to win a patent infringement suit); *Cf. NXP B.V. v. Blackberry, Ltd.*, 58 F. Supp. 3d 1313, 1320 (M.D. Fla. 2014) ("The fact that the jury may not have found Plaintiff's evidence persuasive in reaching its verdict of invalidity does not weigh in favor of a finding that it was unreasonable for Plaintiff to do so.").

The cases cited by Marvell are inapposite. In *IPVX Patent Holdings, Inc. v. Voxernet LLC*, 13-cv-01708 HRL, 2014 WL 5795545, at *5 (N.D. Cal. Nov. 6, 2014), the plaintiff did not conduct a pre-suit investigation, filed multiple suits with a "boilerplate complaint," served irrelevant discovery requests, and relied on claim construction briefings from other cases. In *Yufa v. TSI Inc.*, 09-cv-01315-KAW, 2014 WL 4071902, at *3 (N.D. Cal. Aug. 14, 2014), the plaintiff filed the lawsuit without testing the accused products and continued litigation despite substantial evidence of non-infringement. That is not the case here. On the contrary, as noted above, the jury found that Marvell's chips practiced the patented method, a finding which I upheld, and France

---

[2] Marvell also argues that the case is exceptional because France Telecom rejected a Rule 68 offer of judgment yet failed to prove its claims. But a refusal to settle coupled with a loss at trial does not render a case exceptional. *See, e.g., LendingTree, LLC v. Zillow, Inc.*, 54 F. Supp. 3d 444, 458 (W.D.N.C. 2014) (case not exceptional where plaintiff refused to settle after adverse claim construction order and eventually lost at trial). France Telecom's rejection of the Rule 68 offer just as likely suggests that it had substantial claims worth pursuing and did not file a frivolous lawsuit simply to extract a settlement from Marvell.

4

Telecom presented evidence that arguably showed that millions of end-users used Marvell's chips in the United States and that Marvell's non-party affiliate used the accused method in the United States.

## II. THE MANNER OF LITIGATION

Marvell contends that France Telecom's manner of litigation was unreasonable, including relitigating evidentiary issues already resolved and trying to introduce inadmissible evidence. For example, Marvell notes that I was forced to strike evidence and give the jury curative instructions after France Telecom's opening statement referred to documents which I had excluded under Rule 408 and, again, after France Telecom presented evidence of extraterritorial sales despite my summary judgment ruling that Marvell was not liable for extraterritorial sales.

Under *Octane Fitness*¸ "a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Octane Fitness*, 134 S. Ct. at 1756-57. I am not convinced that this is such a "rare case." I would welcome a trial without any evidentiary disputes, but it is not exceptional for parties to dispute the admissibility of evidence important to their case, even where prior rulings address that evidence. Rather, in the context of a hard fought trial, with many disputed points of law and evidence, the conduct Marvell complains about does not "stand[] out from others" and is not exceptional. *Octane Fitness*, 134 S. Ct. at 1756.

For example, the excluded evidence that France Telecom sought to present or improperly presented was important to its case and it argued in good faith that the evidence was outside the scope of my prior rulings. I ultimately disagreed, but France Telecom's attempts to introduce the evidence do not make this matter exceptional. *See*, *e.g.*, *NXP B.V.*, 58 F. Supp. 3d at 1324 (case not exceptional despite plaintiff suggesting a royalty rate during closing argument based on inadmissible evidence, requiring curative instruction); *Cf. JS Products, Inc. v. Kabo Tool Co.*, 2014 WL 7336063, at *5 (D. Nev. Dec. 22, 2014) ("ill-advised litigation tactics," including weak discovery motions, "do not justify the award of attorney's fees").

Marvell cites no cases finding similar conduct exceptional. On the contrary, conduct that this Court has found to be exceptional is far more egregious than France Telecom's conduct. For

example, Judge Alsup found the plaintiff's conduct exceptional in *Logic Devices, Inc. v. Apple Inc.*, 13-cv-02943 WHA, 2014 WL 6844821, at *4 (N.D. Cal. Dec. 4, 2014) because:

> [C]ounsel for [plaintiff] blindly adopted and filed a complaint drafted (but not filed) by another firm, waited four months before serving Apple, misrepresented that a terminal disclaimer had been filed when no such terminal disclaimer existed, demanded $977.3 million in reasonable royalties, ignored Apple's repeated warnings about the invalidity of the only timely-asserted claim based on the doctrine of obviousness-type double patenting, failed to comply with several patent local rules, waited nearly a year into the lawsuit to finally admit that no terminal disclaimer had been filed, and sandbagged Apple at the tutorial by introducing a new, untimely "distinction" based on phrases not appearing in the asserted patent. (It is also worth noting that plaintiff's counsel requested a continuance of the summary judgment ruling so that he could take discovery even though he took zero depositions during the eleven-month discovery period.)

Unlike the conduct at issue in *Logic Devices*, France Telecom's conduct here was the result of good faith zealous advocacy and was not exceptional.

## CONCLUSION

Marvell's motion for attorney's fees is DENIED. Dkt. No. 377.

**IT IS SO ORDERED**.

Dated: July 17, 2015



WILLIAM H. ORRICK
United States District Judge